*In re* ROSENDO QUESADA VELAZCO, JUEZ DEL TRIBUNAL DE DISTRITO, querellado.

Número 6.

*Sometido:* 9 de diciembre de 1960. *Resuelto:* 10 de febrero de 1961.

*Hon. Secretario de Justicia, Hiram R. Cancio, J. B. Fernández Badillo, Procurador General* y *William Fred Santiago, Procurador General Auxiliar,* abogados de El Pueblo; *Benjamín Ortiz, Yamil Galib* y *Leopoldo Tormes García,* abogados del querellado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En agosto 6 de 1959, el Procurador General de Puerto Rico radicó querella ante este Tribunal contra Rosendo Quesada Velazco, Juez del Tribunal de Distrito de Puerto Rico, imputándole, en nueve cargos distintos, conducta inmoral e impropia de un magistrado y negligencia en el cumplimiento de sus deberes.

En agosto 10 del mismo año suspendimos al querellado de empleo y sueldo mientras se sustanciaba este procedimiento.

Después de algunos incidentes preliminares contestó el querellado negando sustancialmente los hechos que se le imputan en la querella y planteando ciertas defensas especiales. Posteriormente el Tribunal designó al Hon. José Villares Rodríguez, Juez del Tribunal Superior, para que en calidad de Comisionado Especial oyera y recibiera la prueb

de las partes y luego la certificara y remitiera a este Tribunal junto con sus conclusiones de hecho.

Celebradas las correspondientes vistas, el Comisionado Especial nos ha certificado la prueba oída y recibida y ha rendido un informe conteniendo sus conclusiones de hecho. Ambas partes han argumentado el caso por escrito ante nos. Procederemos, por lo tanto, a considerar cada uno de los cargos formulados al querellado.

### Primer Cargo

Se le imputa en este cargo al querellado que "acometió y agredió al menor José Correa, mientras se investigaba en su oficina una querella contra dicho menor allá para el día 9 de abril de 1959, en la ciudad de Salinas, Puerto Rico".

La prueba sobre este cargo fue conflictiva. La del Procurador General tendió a demostrar que mientras el querellado investigaba una querella contra el menor de 17 años de edad José Correa, quien había sido acusado de injuriar a una niña y de haber agredido a la madre de ésta, el querellado se levantó de su escritorio, le dijo a José que no tenía madre, y le dio dos bofetadas. Por otro lado, la prueba del querellado tendió a demostrar que en ningún momento agredió a José y que todo lo que hizo fue cogerlo por los brazos y sacudirlo. El Comisionado Especial dio crédito a esta última versión y concluyó lo siguiente: "Al Hon. Juez Quesada reprender al joven José Correa Sánchez y llamarle la atención por su agresión y conducta impropia contra la Sra. Gloria M. Colón y su hija, la niña María Virgen, dicho joven en forma díscola, altanera, desafiante e irrespetuosa, (nos dio esa misma impresión al declarar), le contestó a dicho magistrado, haciendo alarde de la inmunidad que él creía tener por ser menor de 18 años de edad. Ante la conducta irrespetuosa del joven, el querellado se levantó de su silla y cogiéndolo por los brazos le sacude dos o tres veces preguntándole, en forma de admonición y recordatorio, si

no tiene madre y si no tiene hermanas, amonestándole con referir el caso al Tribunal Tutelar de Menores."

Considerando como cierta la versión del querellado, tenemos que censurar su conducta con el susodicho menor. Sin embargo, ese incidente aislado, y en ausencia de otros cargos imputándole violencia o destemplanza al querellado en el desempeño de sus deberes como juez, no justificaría la imposición de ninguna otra sanción disciplinaria.

## Segundo Cargo

■ En este cargo se imputa al querellado haber hecho una oferta por escrito de absolver al ciudadano Francisco Torres Sáez, quien se encontraba acusado por una infracción a la Ley de Automóviles y de hecho lo absolvió el día 2 de septiembre de 1958 sin haber celebrado una vista ni haber desfilado prueba alguna en el caso.

En relación con este cargo el Comisionado Especial formuló las siguientes conclusiones de hecho:

"Segundo Cargo:

"En agosto 16 de 1958, en el Bº Quebrada de Guayanilla ocurre una colisión de dos vehículos, uno conducido por el señor Carlos A. Pietri López y el otro por el Sr. Francisco Torres Sáez, por lo que ambos conductores fueron denunciados por infracción a la Ley de Automóviles (P. vs. Carlos A. Pietri López, Criminal T-58-498, Exb. 4 del Pueblo y P. vs. Francisco Torres Sáez, Criminal T-58-498, Exb. 3 del Pueblo) ante el Tribunal de Distrito de Puerto Rico, Sala de Guayanilla. La vista de ambos casos fue señalada para tener efecto el día 2 de septiembre de 1958, ante dicha Sala estando presidida por el juez querellado. El abogado del Sr. Torres Sáez, el Lcdo. Adolfo Dones presentó una moción de suspensión la cual fue declarada con lugar y transferida dicha vista para el día 23 de septiembre, mediante orden suscrita por el querellado (Exb. 3 del Pueblo). En el día ya mencionado, 2 de septiembre de 1958, se procedió a la vista del caso del Pueblo contra Carlos A. Pietri López, Criminal número T-58-496, y en el cual declaró el otro acusado el Sr. Torres Sáez. La defensa del acusado Pietri estuvo a cargo del Lcdo. Rafael Toro Cubergé. Terminado el desfile de la prueba, el querellado procedió a absolver

al acusado Pietri y envió una nota al otro acusado Torres Sáez, quien estaba presente en Sala, y la cual copiada textualmente dice:

"'Llámese por teléfono a su abogado Dones y dígale que si quiere que resuelva su caso a base de la prueba del otro caso . . . Creo que mi resolución sería absolverlo, pero intereso saber si su abogado está conforme, ya que él pidió la suspensión.' (Exb. 5 del Pueblo).

"Debemos apuntar como hecho de relevante importancia el de que la evidencia en ambos casos (en el de Pietri y en el de Torres Sáez) era la misma. El acusado Torres Sáez fue absuelto en ese mismo día, dos de septiembre de 1958, luego del Juez querellado haber oído y considerado la prueba en el caso de Pietri. La absolución de Pietri mortificó a Torres Sáez por lo que se querelló al Secretario de Justicia." (Informe del Comisionado Especial, págs. 2 y 3.)

Esas conclusiones están ampliamente sostenidas por la prueba. Debemos agregar que la razón que tuvo el querellado para absolver a Pietri López fue la de que al apreciar la prueba presentada en el caso concluyó que la colisión entre los vehículos de Pietri López y Torres Sáez, fue un accidente casual. En su consecuencia, la absolución del otro acusado Torres Sáez en su oportunidad era inevitable. El récord no revela que el querellado, por motivos impropios dictara un fallo favorable a Torres Sáez. Su conducta por tanto, no puede considerarse como inmoral. Sin embargo, su actuación al anticipar por escrito a Torres que lo absolvería del delito imputádole fue impropia y merece también nuestro repudio y censura.

### Tercero, Cuarto y Quinto Cargos.

Estos tres cargos están relacionados entre sí. En el tercero se le imputa al querellado haber absuelto a Luz Deidad Rodríguez en 3 de diciembre de 1957 de una infracción a la Ley de Automóviles (Art. 17a), todo ello sin haber señalado ese caso para vista y sin haberse celebrado juicio alguno. En el cuarto cargo se le imputa al querellado haber absuelto en 3 de diciembre de 1957 a la misma acusada Luz

Deidad Rodríguez de otra infracción a la Ley de Automóviles (Art. 7a) sin tampoco haber señalado el caso para vista ni haber celebrado juicio alguno. En el quinto cargo se le imputa haber absuelto en 3 de diciembre de 1957 a Adrián Hilera Rosa de una infracción a la Ley de Automóviles (Art. 12a), sin que dicho caso fuese señalado para vista y sin haberse celebrado juicio alguno.

En relación con estos tres cargos el Comisionado Especial formuló las siguientes conclusiones:

"Tercer Cargo:

Luz Deidad Rodríguez Rivera fue denunciada ante el Tribunal de Distrito de Puerto Rico, Sala de Guayanilla-Peñuelas porque en noviembre 2 de 1957 infringió el artículo 17(a) de la Ley de Automóviles, en la causa criminal número T-57-712. Se alegaba que en dicho día la acusada en Peñuelas, mientras conducía un automóvil había arrollado al Sr. Gerardo Rodríguez Rivera en violación del ya mencionado artículo de la ley. La vista del caso nunca fue señalado, ni mucho menos celebrada, absolviendo el juez querellado a dicha acusada en diciembre 3 de 1957 luego de haber efectuado una reinvestigación del caso y concluir que la acusada no había tenido culpa en el accidente y ser éste casual. (Exb. 6 del Pueblo, págs. 323, 324 y 325 de la declaración del querellado).

"Cuarto Cargo:

"En la misma ocasión (Nov. 2, 1957) a que se refiere el tercer cargo, se alegó que dicha Luz Deidad Rodríguez Rivera conducía el automóvil con el cual arrolló al Sr. Gerardo Rodríguez, sin estar autorizada para conducir un vehículo de motor en Puerto Rico y por lo cual fue denunciada (P. vs. Luz Deidad Rivera Rodríguez, T-57-716, Exb. 8 del Pueblo). Luz Deidad Rodríguez Rivera había pagado en la Colecturía de Ponce, en octubre 30 de 1957, suma de dos dólares ($2) para la obtención de una licencia de aprendizaje para manejar vehículos de motor (Exb. 4 A. del Pueblo). Dicha licencia o permiso de aprendizaje le fue expedida a la Sra. Rodríguez en noviembre 12 de 1957 (Exb. 1 del querellado). Posteriormente al mostrársele estos documentos al Juez querellado, éste absolvió a dicha señora en diciembre 3 de 1957.

"El caso contra Luz Deidad Rodríguez Rivera (Criminal T-57-710) por guiar un vehículo de motor sin estar autorizada para ello, nunca fue señalado para vista, ni mucho menos ésta se celebró, habiéndola absuelto el querellado, como ya hemos dicho, en diciembre 3 de 1957. Cuando la acusada conducía el automóvil en esa ocasión, noviembre 2 de 1957, estaba acompañada por e iba a su lado el Sr. Adrián Hilera Rosas, quien estaba autorizado para guiar vehículos de motor en Puerto Rico mediante la licencia número 40799 (Exb. 2 del querellado).

"Quinto Cargo:

"Adrián Hilera Rosas fue denunciado porque en la fecha ya apuntada, 2 de noviembre de 1957, había permitido que Luz Deidad Rodríguez Rivera condujera el automóvil propiedad del acusado, sin estar dicha señora autorizada para conducir vehículos de motor en Puerto Rico, todo ello en violación del artículo 12 de la Ley de Automóviles. Adrián Hilera Rosas fue denunciado por estos hechos en la causa criminal número T-57-713 (Exb. 9 del Pueblo). Este caso nunca fue señalado para vista, ni mucho menos se celebró procediendo el juez querellado a absolver al acusado en diciembre 3, 1957, tomando en consideración los hechos que ya hemos expuesto en el cuarto cargo (Véanse Exb. 9 y 6 del Pueblo, págs. 323, 324 y 325 de la declaración del querellado)." (Informe del Comisionado Especial, págs. 3 y 4.)

Se establecieron además en forma incontrovertible, los siguientes hechos adicionales: La reinvestigación de los casos a que alude en sus conclusiones el Comisionado Especial consistió, según testimonio del propio querellado, en que a raíz de ocurrir los hechos que motivaron las denuncias contra los acusados Luz Deidad Rodríguez y Adrián Hilera, este último visitó al querellado en su oficina en la Corte de Guayanilla y allí le mostró un comprobante de pago del Departamento de Hacienda, la licencia de aprendizaje expedida a favor de Luz Deidad y su propia licencia de conductor de vehículos de motor. Además Hilera le dio su versión sobre la forma como ocurrió el accidente. A base de los indicados documentos y del testimonio del acusado Hilera prestado informalmente en cámara, el querellado procedió a dictar

sentencia, absolviendo a ambos acusados de los delitos imputádosle. (¹)   Un juez de paz había encontrado causa probable contra los acusados.   En la denuncia contra Luz Deidad Rodríguez por infracción al Art. 17(a) de la Ley de Automóviles y Tránsito figuraban como testigos de cargo, el policía Armando Pérez Arce, Gerardo Rodríguez Rivera y Elena Santiago de Jesús, residentes estos dos últimos en el barrio Rucio de Peñuelas.   En las otras dos denuncias figuraba como testigo de cargo el policía Armando Pérez Arce.   El querellado no oyó a estos testigos antes de resolver los casos en la forma que dejamos expuesta.   Alega sin embargo que cometió ese error debido a que entonces estaba iniciándose como juez.   Lo cierto es que para esa fecha ya hacía más de cinco meses que el querellado se encontraba desempeñando el cargo de juez del Tribunal de Distrito.   Su conducta en esa ocasión pudo dar lugar a la inferencia de que actuó a base de consideraciones impropias.   Difícilmente puede ser acreedor de la confianza pública un juez que en abierta violación a las reglas más elementales del enjuiciamiento criminal, adjudica hechos en cámara, a puertas cerradas y a espaldas de las personas perjudicadas y de la sociedad, forma juicio y exonera de responsabilidad a personas ya acusadas ante el tribunal de la comisión de delitos públicos.

### Sexto y Séptimo Cargos

█  En el sexto cargo se imputa al querellado que en 4

---

(¹) Esta actuación del querellado constituye una clara violación de los cánones VII y XII de Ética Judicial, que disponen:

#### "VII

"El Juez no debe conceder entrevistas privadas a las partes o a sus abogados, ni permitir comunicaciones o argumentos de los mismos, que pretendan influenciar su actuación judicial en asuntos de su competencia o bajo su consideración, cuando los otros intereses que pueden ser afectados no estén representados ante él, excepto en casos de solicitudes ex parte autorizadas por ley, a las cuales dará siempre cuidadosa consideración.

#### "XII

"El Juez no debe discutir fuera de estrado ningún asunto que esté sometido a su consideración, ni explicar, después de resuelto, la razón de su actuación en el mismo."

de marzo de 1958, absolvió a Doroteo Madera Rivera, quien estaba acusado de infracción a una ordenanza municipal vigente, sin haber desfilado prueba, por entender el querellado que dicha ordenanza era obsoleta e injusta, demostrando en esa forma una negligencia crasa y un absoluto desprecio de la ley.

El séptimo cargo contiene una imputación al querellado similar a la del sexto cargo, con la variante de que la persona absuelta fue otro acusado llamado Pedro Juan Madera Cornier.

Las conclusiones del Comisionado Especial en relación con estos cargos son las siguientes:

"Sexto y Séptimo Cargos:

"Doroteo Madera Rivera (sexto cargo) y Pedro Juan Madera Cornier (séptimo cargo) fueron denunciados por infracciones a la Ordenanza Municipal No. 10—Serie 1956–57 de Peñuelas (Exb. 10 del Pueblo) porque 'se dedicaba(n) a la venta de chinas en un carro de madera de tres ruedas, sin estar provistos de un permiso del Hon. Alcalde de este pueblo'.

"La ordenanza municipal de referencia y en lo pertinente a estos casos solamente faculta, en su sección tercera, 'al Señor Alcalde a controlar el *estacionamiento de carritos* (subrayado nuestro) o casetas dedicadas a negocios ambulantes en cualesquiera de las calles de la población (mediante) autorización escrita' (Exb. 11 del Pueblo).

"La vista, de estos casos fue señalada y celebrada el día 4 de marzo de 1958. En dicho día comparecieron los acusados representados por el Lcdo. Llaugier Bosch y el denunciante, el policía Seda. Llamados los casos, el Juez querellado después de examinar las denuncias, manifestó al policía que no tenía que declarar, y procedió a absolver a ambos acusados (Exb. 6 del Pueblo, pág. 330). Aparte de que el querellado en su declaración al Lcdo. Bobonis manifiesta que la ordenanza era 'obsoleta e injusta' lo cierto es que las denuncias fueron por *vender chinas en un carrito* sin tener permiso del Alcalde lo cual no castiga la ordenanza. La ordenanza meramente, de manera implícita, prohibe '*el estacionamiento de carritos* en las calles' ya que faculta al Sr. Alcalde de Peñuelas para con-

ceder permiso escrito a tales efectos." (Informe del Comisionado Especial, págs. 4 y 5.)

A lo sumo podemos considerar que el querellado cometió un error de juicio al resolver ambos casos en la forma ya expresada, pero ello no equivale a negligencia ni menosprecio absoluto de la ley ya que los hechos alegados en las denuncias no constituían una infracción a la ordenanza municipal.

### Octavo y Noveno Cargos.

Estos cargos leen textualmente así:

"Octavo Cargo:

"Que el querellado Rosendo Quesada Velazco, mientras desempeñaba el cargo de Juez de Distrito, demostrando una conducta inmoral e impropia de un magistrado, prometió al abogado de un acusado ayudarle en un caso criminal que se vería ante él. La ayuda prometida en el caso contra Israel Velázquez Quiñones por infracción a la Ley de Armas, se materializó cuando el querellado personalmente visitó los testigos de cargo y les indicó que no tenían que ir al juicio para el cual habían sido citados. Llamado el caso para vista y al no comparecer los testigos de cargo, el querellado absolvió al acusado a petición de su abogado, el día 25 de marzo de 1958.

"Noveno Cargo:

"Que el querellado Rosendo Quesada Velazco, mientras desempeñaba el cargo de Juez de Distrito, demostrando una conducta inmoral e impropia de un magistrado, prometió al abogado de un acusado ayudarle en un caso criminal que se vería ante él. La ayuda prometida en el caso contra Israel Velázquez Quiñones por Alteración a la Paz, se materializó cuando el querellado personalmente visitó los testigos de cargo y les indicó que no tenían que ir al juicio para el cual habían sido citados. Llamado el caso para vista y al no ·comparecer los testigos de cargo, el querellado absolvió al acusado a petición de su abogado, el día 25 de marzo de 1958." (Pág. 3 de la querella).

La prueba presentada por las partes en relación con estos dos cargos fue en algunos extremos contradictoria. Sin embargo, después de estudiar cuidadosamente, tanto la prueba documental como la transcripción del récord taqui-

gráfico, nos sentimos convencidos de que el Comisionado Especial no incurrió en error al formular las siguientes conclusiones de hecho:

"Octavo y Noveno Cargos:

"Israel Velázquez Quiñones fue denunciado por los delitos de infracción a la Ley de Armas y Alterar la Paz Pública (Exb. 13 y 14 del Pueblo), hechos que ocurrieron en marzo 3 de 1958 en el barrio 'El Faro' de Guayanilla. Los casos fueron señalados y citados los testigos para vista para el día 25 de marzo de 1958. Días antes de la vista y en ocasión en que el Juez querellado acompañaba al Lcdo. Llaugier Bosch, abogado del acusado Velázquez Quiñones, de Ponce a Guayanilla, dicho abogado le manifestó al querellado estar hondamente preocupado con el destino de su representado en dichos casos, contestándole el querellado que no se preocupara que él (el Juez) lo ayudaría. Los testigos de cargo en dicho caso lo eran Elba Iris González Rodríguez, Nelly Figueroa Román, Dalila Rodríguez Rodríguez, Elvin Figueroa Román y Gregorio Figueroa, todos emparentados.

"Días antes de la vista de los casos, el Juez querellado fue a la residencia del Sr. Gregorio Figueroa, testigo en el caso, y al no encontrar a éste, le informó a su hija la joven Nelly Figueroa Román, quien era también testigo del Pueblo, que los testigos en los casos contra Israel Velázquez Quiñones no tenían que comparecer al juicio y le pidió que así se lo informara a su papá y a los otros testigos de cargo. Elba Iris González, otra testigo en el caso, y cuñada de Nelly Figueroa Román, a la sazón se había trasladado para los Estados Unidos.

"El día previamente señalado para la vista, 25 de marzo de 1958, compareció el acusado Israel Velázquez Quiñones, estando representado por el Lcdo. Llaugier Bosch. Llamados los casos, y por no haber comparecido los testigos de cargo, el Juez Rosendo Quesada Velazco, y a petición del Lcdo. Llaugier Bosch, procedió a absolver al acusado en ambos casos. No fueron expedidas órdenes de arresto contra los testigos de cargo por no haber comparecido a la vista de los casos." (Informe del Comisionado Especial, págs. 5 y 6).

Estos dos cargos han quedado plenamente probados. En verdad son graves. La conducta observada por el querellado sólo puede calificarse de impropia e inmoral. Tanto la

prueba de estos cargos como la de los cargos tercero, cuarto y quinto, denotan inequívocamente la incapacidad del querellado para desempeñar el cargo de Juez del Tribunal de Distrito. Su conducta no puede merecer la confianza pública. Véase, Sección 24 de la Ley de la Judicatura. *In re Escalera*, 75 D.P.R. 43.

■ Por último, consideraremos una defensa especial levantada en la contestación a la querella. Alega el querellado que el Juez Asociado Sr. Serrano Geyls no tenía facultad para determinar causa probable y ordenar ulteriores procedimientos.

Vista nuestra resolución de 9 de julio de 1959 decretando un receso del Tribunal y designando al Juez Asociado Sr. Serrano Geyls para que actuara durante el receso como Juez Presidente Interino y como Juez de Turno, y vistas las secciones 6 y 24 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 11, del 24 de julio de 1952, según ha sido enmendada, [4 L.P.R.A., secs. 33 y 232], se desestima dicha defensa por ser frívola.

En vista de lo antes expuesto *se dictará resolución ordenando la destitución del querellado Rosendo Quesada Velazco del cargo de Juez del Tribunal de Distrito de Puerto Rico, efectiva dicha destitución a partir del día 10 de agosto de 1959, fecha en que le suspendimos de empleo y sueldo.*

El Juez Asociado Sr. Hernández Matos fue del criterio de que la separación del querellado de su cargo de Juez de Distrito debe ser efectiva a partir de la fecha de esta resolución.

El Juez Presidente Sr. Negrón Fernández y los Jueces Asociados Sres. Santana Becerra y Serrano Geyls, no intervinieron.