AD-2000-05                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Hon. Sheila A. Díaz García<br>    Juez Municipal<br>    Tribunal de Primera Instancia<br>    Sala de Ponce | 2003 TSPR 13<br><br>158 DPR |

Número del Caso: AD-2000-05

Fecha: 11 de febrero de 2003

Oficina de Administración de los Tribunales:

                    Lcda. Ivonne Díaz Pérez
                    Directora

                    Lcda. Maribel Cruz Fernández
                    Lcda. Lynnette Rivera Rodríguez
                    Oficina de Asuntos Legales

Abogado de la Parte Querellada:

                    Lcdo. Carlos R. Ríos Gautier

                    Lcda. Elisa Bobonis Lang

Materia:  Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Hon. Sheila A. Díaz García | | Conducta |
| Juez Municipal | AD-2000-05 | Profesional |
| Tribunal de Primera Instancia | | |
| Sala de Ponce | | |

PER CURIAM

San Juan, Puerto Rico, a 11 de febrero de 2003.

El 24 de noviembre de 1999, el licenciado Miguel A. Laporte presentó ante la Oficina de Administración de los Tribunales (en adelante O.A.T.) una queja juramentada contra la honorable Sheila A. Díaz García, Juez Municipal, por alegadas violaciones a los Cánones XII, XVI, XVII y XXI de Ética Judicial.[1] Alegó el quejoso, que la referida Juez le impuso **erróneamente** una sanción de cincuenta dólares ($50) por no comparecer a una vista preliminar señalada para el

---

[1] 4 L.P.R.A. Ap. IV-A, C. XII, XVI, XVII y XXI.

1 de junio de 1999, toda vez que él no era el abogado de récord ni fue notificado del alegado señalamiento.

1 de junio de 1999, toda vez que él no era el abogado de récord ni fue notificado del alegado señalamiento.

Los hechos que dieron lugar a esta queja se remontan a **un señalamiento de vista preliminar el 1 de junio de 1999**, en el caso El Pueblo de Puerto Rico v. Walbert Torres Echevarría y Gregorio Echevarría Díaz, número JIVP99-02476/02475, sobre sustancias controladas, en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Ponce. La vista preliminar aludida sería celebrada ante la honorable Sheila A. Díaz García, quien juró su cargo como Juez Municipal del Tribunal de Primera Instancia el 3 de julio de 1998.

Al señalamiento del 1 de junio de 1999, comparecieron sin representación legal los imputados aludidos, señores Walbert Torres Echevarría y Gregorio Echevarría Díaz. A preguntas de la Juez, los imputados indicaron que habían contratado los servicios profesionales del licenciado Miguel A. Laporte para que les representara en la vista preliminar y que le habían pagado sus honorarios, razón por la cual desconocían por qué éste no se había presentado en sala. Ante tal situación, la Juez emitió Resolución suspendiendo la vista, le impuso al licenciado Laporte el pago de cincuenta dólares ($50) de sanción por cada uno de los imputados, por razón de no haber comparecido a representarlos, y reseñaló la vista preliminar para el 13 de julio de 1999. La Juez Díaz García hizo constar en la resolución aludida, que del expediente del caso no surgía moción de suspensión alguna. En esa misma fecha emitió una "Orden para Mostrar Causa", en la que le informó al licenciado Laporte que había tomado conocimiento judicial de que éste no compareció a la vista preliminar aludida, y sobre la sanción impuesta. Además, le concedió al licenciado

Laporte treinta (30) días para depositar la suma de dinero señalada.

Así las cosas, el 16 de junio de 1999, el licenciado Laporte presentó moción solicitando reconsideración de la orden emitida por la Juez Díaz García. Señaló, que la orden no informaba la fecha en que alegadamente él no había comparecido. Además, indicó que él era abogado del señor Walbert Torres Echevarría, pero no del señor Gregorio Echevarría Díaz. Posteriormente, el licenciado Laporte presentó moción aclaratoria, solicitando que se dejara sin efecto la orden aludida, ya que se había percatado que **para la fecha en que se celebró la vista preliminar él no había sido contratado para representar al señor Walbert Torres Echevarría.** Adujo, que **el señor Gregorio Echevarría Díaz lo contrató como abogado el 3 de julio de 1999, más de un mes después de haber ocurrido el incidente que dio lugar a la sanción aludida.**

El 20 de julio de 1999, la Juez Díaz García emitió "Resolución y Orden" reconsiderando su orden del 1 de junio de 1999. A esos efectos, modificó la sanción impuesta al licenciado Laporte, reduciendo la misma al pago de cincuenta dólares ($50.00), por no haber comparecido a la vista preliminar señalada para el 1 de junio de 1999, en representación de su cliente, el señor Gregorio Echevarría Díaz.

El 24 de noviembre de 1999, el licenciado Laporte presentó una queja contra la Juez Díaz García, que dio origen al presente proceso disciplinario. Luego de varios incidentes procesales, el 24 de octubre de 2000, la O.A.T., por conducto de su Directora Administrativa, honorable Mercedes M. Bauermeister, presentó para consideración de la Comisión de Disciplina y de Separación del

Servicio por Razón de Salud de Jueces o Juezas (en adelante la Comisión), un informe de investigación sobre la queja presentada contra la Juez Díaz García.[2] Visto el informe, el honorable Daniel E. López Pritchard, Presidente y Director Ejecutivo de la referida Comisión, designó al honorable José Emilio Motta García, Comisionado Especial, para que evaluara la procedencia de una determinación de causa probable para presentación de querella, a tenor con la Regla 19 de las de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico.[3]

Previa evaluación del informe sometido por la Directora Administrativa de la O.A.T., el 16 de enero de 2001, el Comisionado Especial, señor Motta García, determinó causa probable

---

[2] Dicho informe fue preparado por la licenciada Lynette Rivera Rodríguez. En sus comentarios a la O.A.T. sobre su versión del asunto objeto del informe, la Juez Díaz García indicó lo siguiente:

> La prerrogativa de ejercer la discre[c]ión judicial es mía e igualmente mía es la prerrogativa de adjudicar valor probatorio a las alegaciones que ante mi consideración se presentan, ya sea por las partes o sus abogados, verbales o escritas. Cuando esta juez impone una sanción, lo hace en el convencimiento de que las circunstancias que rodean la misma en ese momento lo justifican.

> En este caso en particular, ante las alegaciones vertidas por el abogado en su moción reconsideré y reduje la sanción económica impuesta pero no la eliminé. Las alegaciones del abogado en cuanto a este incidente en particular no me merecieron mayor credibilidad. No obstante, asumo toda la responsabilidad por haber firmado una orden, de fecha 20 de julio de 1999, en donde por error e inadvertencia de mi parte se hizo referencia al imputado Gregorio Echevarría Díaz cuando debió decir Walbert Torres Echevarría. Para el propósito y el efecto de la orden esto sólo constituyó un error de forma. Originalmente la sanción era de $50.00 dólares por cada uno de los imputados y se redujo a $50.00 por sólo uno de ellos.

[3] 4 L.P.R.A. Ap. XV-A, R. 19.

contra la Juez Díaz García, recomendando requerir de la Oficina de Asuntos Legales de la O.A.T presentar la correspondiente querella. No recomendó la imposición de medidas provisionales.  En esa misma fecha, el Presidente y Director Ejecutivo de la Comisión, remitió el expediente de la queja a la Oficina de Asuntos Legales de la O.A.T. para la formulación de querella, según lo dispuesto en la Regla 19, supra.

El 23 de febrero de 2001, la Oficina de Asuntos Legales de la O.A.T. presentó querella contra la Juez Díaz García, formulando los cargos siguientes:

### Primer Cargo

La Honorable (sic) Juez Sheila A. Díaz García incurrió en conducta impropia al violar la Sección VII del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico que dispone que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley.

### Segundo Cargo

La Juez Díaz García incurrió en conducta impropia contraria al Canon I de Ética Judicial de Puerto Rico, el cual obliga a todo juez a velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura.

### Tercer Cargo

La Juez Díaz García incurrió en conducta impropia contraria al Canon II de Ética Judicial de Puerto Rico el cual, entre otras cosas, obliga a todo juez a ser laborioso, prudente, sereno, imparcial y cuidadoso en la interpretación de la ley, estar consagrado al estudio del Derecho y ser diligente en el empeño de descubrir los hechos esenciales de cada controversia.

### Cuarto Cargo

La Honorable (sic) Juez Díaz García incurrió en conducta impropia contraria al Canon XI de Ética Judicial de Puerto Rico el cual, entre otras cosas, obliga a todo juez a tener siempre presente que su

único empeño debe ser el de impartir justicia de conformidad con el Derecho aplicable, con absoluta ecuanimidad.

El 5 de abril de 2001, la querellada presentó su contestación a la querella, admitiendo que erró al imponerle sumariamente al licenciado Laporte una sanción económica en una acción criminal, sin permitirle expresarse según lo requiere <u>Pueblo v. Vega, Jiménez</u>.[4] Hizo referencia a expresiones de este Tribunal en ese caso. Específicamente lo siguiente:

> ... a diferencia del campo civil, no existe en relación con el *calendario de causas criminales* autoridad estatutaria o reglamentaria alguna que autorice la imposición, en forma sumaria, de *sanciones económicas* a las partes o sus abogados por conducta que el tribunal considere que entorpece el mejor funcionamiento de los asuntos ante su consideración.

La Juez Díaz García alegó, como defensa, que todo se debió a un error sobre el derecho aplicable, que no implicaba prejuicio o parcialidad hacia el querellante. Solicitó el archivo de la querella o una sanción en la naturaleza de una advertencia.

Vista la querella presentada, así como la contestación de la querellada, el Presidente y Director Ejecutivo de la Comisión ordenó la celebración de una vista evidenciaria y ordenó a las partes que presentaran un informe conjunto haciendo constar la prueba documental a ofrecerse y las estipulaciones formuladas por las partes. En cumplimiento con dicha orden, el 4 de octubre de 2001, las partes sometieron un "Informe Conjunto" que recogía una estipulación sobre los hechos que dieron lugar a la presentación de la queja.

---

[4] 121 D.P.R. 282 (1988).

El 17 de octubre de 2001, la Comisión emitió resolución, reconociendo que no existía controversia sustancial sobre hechos medulares, por lo que le ordenó a las partes: informar dentro de un plazo de quince (15) días si sometían a la consideración de la Comisión el caso por el expediente, lo que conllevaría dejar sin efecto la vista evidenciaria señalada para el 8 de noviembre de 2001; y someter dentro de un plazo de veinte (20) días un memorando de derecho para ilustrar a la Comisión sobre la siguiente controversia: "¿Es la imposición de desacato un error de derecho revisable por un tribunal de mayor jerarquía o si, por el contrario, es una violación a los Cánones de Ética Judicial?"

El 29 de octubre de 2001, las partes presentaron una moción conjunta ante la Comisión, sometiendo el caso por el expediente, razón por la cual el 31 de octubre de ese año la Comisión declaró con lugar la referida moción y dejó sin efecto la vista evidenciaria.  El 3 de abril de 2002, la Comisión rindió su informe ante este Tribunal, en el cual recogió las estipulaciones de las partes y formuló sus determinaciones de hechos.[5]  Además,

---

[5] La relación de hechos ha sido expuesta previamente, según surge del referido informe de la Comisión.  La prueba documental estipulada por las partes es la siguiente:

1. Querella presentada bajo juramento por el licenciado Miguel A. Laporte contra la Juez Sheila A. Díaz García el 24 de noviembre de 1999.
2. Comunicación suscrita por la Juez Díaz García el 9 de marzo de 2000.

3. Copia certificada del documento de Vistas Preliminares titulado Notas y Resolución del Magistrado, firmado por la Juez Díaz García el 1 de junio de 1999.

4. Copia certificada del documento titulado Orden para Mostrar Causa, firmado por la Juez Díaz García el 1 de junio de 1999.

5. Copia certificada del documento titulado Moción, firmado por el licenciado Laporte el 16 de junio de 1999.

recomendó a este Tribunal la desestimación y archivo de la querella presentada por entender que lo actuado por la honorable Sheila A. Díaz García no constituyó violación alguna a los Cánones de Ética Judicial.

II

La Regla 6 de las de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico,[6] dispone que la Comisión sólo atenderá aquella queja presentada contra un juez que esté relacionada con alguna conducta señalada en una ley, reglamentada por los Cánones de Ética Judicial, los Cánones de Ética Profesional o por orden o reglamento del Tribunal Supremo de Puerto Rico. A esos efectos, enumera específicamente, sin que dicha enumeración sea taxativa, el tipo de queja que no será investigada por la Comisión:

> ... [N]o será investigada aquella queja o solicitud de separación que:

---

6. Copia certificada del documento titulado Moción Aclaratoria, firmado por el licenciado Laporte el 7 de julio de 1999.

7. Copia certificada del documento titulado Resolución y Orden, firmado por la Juez Díaz García el 20 de julio de 1999.

8. Querella presentada el 23 de febrero de 2001 en el Tribunal Supremo contra la Juez Díaz García.

9. Contestación a Querella presentada por la Juez Díaz García el 4 de abril de 2001.

[6] 4 L.P.R.A. Ap. XV-A, R. 6.

(a) Trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez en una situación de indefensión;

**(b) pretenda intervenir impropiamente con determinaciones judiciales;**

(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o jueza en un caso particular o cualquier ventaja en un caso o procedimiento ante su consideración;

(d) sea anónima;

(e) sea frívola de su faz, o

(f) no cumpla con los requisitos [de contenido] de la Regla 9, de este apéndice.[7]

(Énfasis nuestro.)

_____

[7] 4 L.P.R.A. Ap. XV-A, R. 9. Dicha regla dispone lo siguiente:

(a) Toda queja o solicitud de separación presentada cumplirá con los requisitos siguientes;

(1) Será formulada por escrito y bajo juramento;

(2) indicará el nombre completo, dirección postal y teléfono del promovente o de la promovente;

(3) identificará por su nombre al juez o jueza promovido o promovida y el tribunal en que éste o ésta se desempeña y de desconocer éstos, brindará suficientes datos que permitan su identificación, y

En lo que concierne al inciso (b), el Comentario a la referida regla señala que la comisión de un error, de hecho o de derecho, por un juez, en el desempeño de sus funciones judiciales, no es causa para disciplinarlo.[8]  En ese sentido, este Tribunal ya desde el 1961 había expresado que un error de juicio "no equivale a negligencia ni menosprecio absoluto de la ley ...".[9]  Al cometerse tales errores, la parte adversamente afectada tiene a su haber el procedimiento ordinario de revisión judicial.  A esos efectos, en In re: Hernández Enríquez,[10] expresamos lo siguiente:

> Las actuaciones del querellado, ... pueden catalogarse de actuaciones judiciales revisables en el curso ordinario de los procedimientos.  La imposición de una pena desproporcionada a los hechos delictuosos o reñida con la ley o la Constitución **no necesariamente constituye conducta antiética**.  Tampoco lo constituye, necesariamente, la intervención del juez en un juicio contra una persona si dicho juez hubiese determinado causa probable contra dicha persona.  Esto es también revisable mediante procedimientos al alcance de las partes.  (Énfasis nuestro.)

En Feliciano Rosado v. Matos, Jr.,[11] establecimos que los jueces gozan de inmunidad contra acciones en daños y perjuicios resultado de la comisión de meros errores de hecho o de derecho.  Por ello, expresamos lo siguiente:

---

> (4) expondrá brevemente los hechos que motivan la queja o solicitud de separación, e indicará la fecha y lugar de donde éstos ocurrieron.

> (b) La queja o solicitud de separación incluirá, además, cualquier otra información e identificará testigos o documentos que estime necesarios para sustentar la misma.

[8] 131 D.P.R. 630, 643-644 (1992).

[9] In re Quesada, 82 D.P.R. 65, 74 (1961).

[10] 115 D.P.R. 472, 489-490 (1984).

[11] 110 D.P.R. 550, 565-566 (1981).

> El mero error de hecho o de derecho no puede ser motivo para que se invada el patrimonio de un juez, en busca de reparación. Están disponibles los recursos de revisión ante los tribunales de mayor jerarquía, para reivindicar derechos que han sido lesionados por las providencias de un juez que de buena fe percibió erróneamente los hechos o el derecho aplicable a determinado caso. Además, el desarrollo de doctrinas jurisprudenciales requiere en los jueces un espíritu libre para la exploración de nuevas avenidas en el derecho, sin el temor de la posibilidad de verse empobrecido si la solución que imparte al caso no es finalmente acogida.

Solamente, en circunstancias extremas, la comisión de un error de tal naturaleza podría considerarse una violación al Código de Ética Judicial, que amerite la imposición de sanciones disciplinarias por parte de este Tribunal. Así pues, en In re Jackson Sanabría,[12] aclaramos que para que se justifique la destitución de un juez que incurre en errores de esa naturaleza, se tiene que demostrar que **el error cometido constituyó un abuso intencional de la discreción judicial, o uno que por su magnitud refleje conducta impropia o favoritismo hacia algún litigante o su abogado.**

En In re Castro Colón,[13] establecimos que el debido proceso de ley es una garantía esencial frente a la arbitrariedad judicial. Expresamos que "cuando se niega el debido proceso de ley, se actúa ilícitamente y se proyecta una falta de imparcialidad," lo que podría ser contrario a la ética judicial y puede dar lugar a la imposición de sanciones disciplinarias. En ese sentido, hemos establecido que "el término 'debido proceso de ley' **no significa un infalible proceso de ley,** pero la negativa del debido proceso

---

[12] 97 D.P.R. 1 (1969).

[13] Res. el 11 de septiembre de 2001, 2001 T.S.P.R. 127, 155 D.P.R. ___ (2001), 2001 J.T.S. 130.

de ley es la falta de observar aquella imparcialidad fundamental que es la esencia de todo concepto de justicia".[14] En vista de lo anterior, es necesario evaluar cada caso en particular para determinar si un juez ha incurrido en una falta al no observar aquella **imparcialidad** fundamental que garantiza el debido proceso de ley.

En Pueblo v. Vega, Jiménez, supra, este Tribunal estableció que aunque los jueces del Tribunal de Primera Instancia tienen gran flexibilidad y discreción al aplicar los correctivos apropiados, de manera que no se causen indebidas dilaciones en la tramitación y solución de los casos, ello **no** implica que en las causas criminales tengan poder para imponer, en forma sumaria, sanciones económicas a los abogados que atenten contra una administración ordenada de los asuntos judiciales. Específicamente, expresamos lo siguiente:

> Ni las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico ni las Reglas de Procedimiento Criminal contienen disposición alguna que permita la imposición de sanciones económicas en forma similar a la del campo de lo civil[, donde sí existen disposiciones específicas para la imposición de sanciones económicas a los abogados, por parte de los tribunales, por el incumplimiento de sus deberes para con éstos.]

De modo consistente con estos postulados, establecimos que cuando un juez determine que la conducta de un abogado lesiona la dignidad del tribunal o tiene el efecto de entorpecer los procedimientos que dirige, dicho juez tendrá a su alcance el mecanismo del desacato, tanto el civil como el criminal. Precisamos, además, que si la conducta observada por un abogado –

---

[14] Valentín v. Torres, 80 D.P.R. 463, 482 (1958).

lesiva a la dignidad del tribunal- no ocurre en presencia del juez, éste podrá imputarle al abogado un desacato criminal indirecto, brindándole la oportunidad de ser oído y defenderse en una vista a ser celebrada a esos efectos, según lo requiere el debido proceso de ley.[15]

---

[15] Sobre este asunto es ilustrativo lo expresado en Pueblo v. Lamberty González, 112 D.P.R. 79, 81 (1982). En dicho caso el abogado de un acusado no compareció al acto de pronunciamiento de sentencia contra su representado, por lo que el juez que presidía le imputó un desacato criminal. Luego de celebrada la vista a esos efectos, el juez lo encontró incurso en desacato, imponiéndole una pena de multa. En ese sentido, expresamos lo siguiente:

> Las fuentes del poder para castigar por desacato son múltiples. La Regla 242(a) de Procedimiento Criminal nos habla del desacato criminal directo. La Regla 242(b) se refiere al desacato criminal indirecto. La Regla 40.9 de Procedimiento Civil provee para el desacato civil. Se reconoce en Puerto Rico, además, el poder inherente de los tribunales para castigar por desacato. También nos hemos expresado en ocasiones sobre el desacato sui géneris. Esto último no significa que es inexistente la diferencia entre el desacato civil y el criminal, sino que se dan ocasiones en que se aplican al desacato ciertas reglas especiales.
>
> La verdadera distinción entre el desacato criminal y el civil estriba en la naturaleza y propósito del remedio. Si la intención es reparadora, inducir a alguien a cumplir con una obligación, el desacato es de naturaleza civil. Si el objetivo es vindicar la autoridad del tribunal, el desacato es de orden penal. En lo que toca a la diferencia entre desacatos directos o indirectos, los primeros son los cometidos en presencia del tribunal. Algunos tribunales consideran directos aun los que no se cometan en presencia de la corte, pero tan cercanamente que montan a una obstrucción de la justicia. Esto no es posible bajo la Regla 42(a) de Procedimiento Criminal federal, equivalente a la Regla 242(a) nuestra. La naturaleza del procedimiento, penal o civil, no dicta la naturaleza del desacato. Se puede cometer un desacato civil dentro de un procedimiento penal y viceversa. La naturaleza del desacato es vital para la determinación del procedimiento a seguir en su castigo.
>
> A la luz de lo anterior, clasifiquemos el caso presente. Bajo el Art. 29 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 163, hemos denominado desacato civil la desobediencia a una citación, aunque hemos exigido que se siga un procedimiento análogo al fijado para el desacato criminal. En tales situaciones, como se hizo en el caso presente, el tribunal tiene la opción, a nuestro entender preferible, de tratar el desacato como un desacato de índole criminal, dado el propósito del remedio, y utilizar el mecanismo dispuesto por la Regla

A la luz de los fundamentos esbozados, es forzoso concluir que, en el caso de autos, la Juez Díaz García erró al imponer una sanción económica sumaria al licenciado Laporte, por razón de que éste alegadamente no compareció a una vista preliminar en un caso criminal.  De haberle provisto la oportunidad de ser escuchado, hubiese constatado que el licenciado Laporte no había sido citado como abogado para comparecer a la vista preliminar aludida, en representación de los imputados.  Consideramos, a la luz de los hechos ante nuestra consideración, que la actuación de la Juez Díaz García constituyó un error de derecho, carente de elementos que reflejen la falta de imparcialidad fundamental, que es esencia del debido proceso de ley.  Tampoco reflejan esos actos aislados, una conducta intencional en abierto desafío al estado de derecho vigente.

Por lo tanto, concluimos que la actuación de la juez no constituyó una violación a los Cánones de Ética Judicial que amerite una sanción disciplinaria por parte de este Tribunal.  El remedio que tenía disponible la parte perjudicada era acudir al proceso apelativo para la revisión judicial del error cometido.  Según se desprende del expediente ante nos, así lo hizo el licenciado Laporte.[16]

III

---

242(b).  Se trata en este caso, por lo tanto, de un desacato criminal indirecto, correctamente encuadrado dentro del marco de la Regla 242(b) de Procedimiento Criminal.  (Citas omitidas.)

[16] El licenciado Laporte recurrió tanto al Tribunal de Circuito de Apelaciones como ante el Tribunal Supremo de Puerto Rico solicitando revisión judicial de la determinación objeto de este proceso disciplinario.  Sin embargo, ambos recursos fueron desestimados por craso incumplimiento con los reglamentos procesales aplicables de ambos foros.

Por todo lo antes expuesto, se exonera a la querellada, honorable Sheila A. Díaz García de los cargos presentados en su contra. Se le insta y advierte a ser más cuidadosa en el futuro en la aplicación de las normas de derecho a las personas que estén ante su presencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Sheila A. Díaz García
Juez Municipal                                       Conducta
Tribunal de Primera Instancia        AD-2000-05    Profesional
Sala de Ponce

SENTENCIA

San Juan, Puerto Rico, a 11 de febrero de 2003.

Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia exonerando a la querellada, honorable Sheila A. Díaz García, de los cargos presentados en su contra.

Se le insta y advierte a ser más cuidadosa en el futuro en la aplicación de las normas de derecho a las personas que estén ante su presencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López no intervino.


                    Patricia Otón Olivieri
                Secretaria del Tribunal Supremo