EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Enmienda a la Regla 3 del Reglamento de Disciplina Judicial | 2011 TSPR 104 <br><br> 182 DPR ____ |

Número del Caso: ER-2011-02

Fecha: 5 de julio de 2011

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enmienda a la Regla 3 de
Disciplina Judicial

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de julio 2011.

Nuestra Constitución está concebida en una forma republicana de gobierno que se sustenta en las doctrinas de "separación de poderes" y "frenos y contrapesos". Negrón Soto v. Gobernador, 110 D.P.R. 664, 666 (1981). De esta forma, "[d]istribuye entre sus tres ramas los poderes públicos bajo la premisa que tal equilibrio es saludable y necesario para mantener una verdadera democracia, evitando una excesiva concentración en una de ellas con los peligros que ello conlleva". Íd.

Así, para lograr el objetivo del Poder Judicial, a saber, la máxima eficiencia en la solución de controversias entre individuos, la Constitución proveyó la mayor independencia judicial en lo concerniente a su jurisdicción, funcionamiento y administración. Íd. Véase además, I Diario de Sesiones de la Convención Constituyente de Puerto Rico, págs. 451-456 (1951).

Asimismo, en nuestro sistema republicano de gobierno existe un interés apremiante de proteger

la reputación de los jueces y la integridad de los tribunales ante ataques viciosos e infundados. Solo así se puede preservar la independencia de la Rama Judicial y el buen funcionamiento de sus organismos disciplinarios. Ortiz v. Dir. Adm. de los Tribunales, 152 D.P.R. 161, 182 (2000).

Resulta preciso puntualizar lo siguiente:

En el ejercicio de su delicada función, aquéllos llamados a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar porque sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura.

La independencia judicial es la independencia del (la) juez(a) para adjudicar. Es inherente a la función judicial. Es la independencia del (la) juez(a) frente a los poderes políticos, a las presiones sociales y frente a las partes. Tiene que proyectarse como que el juez decide fuera y libre de presiones indebidas, conservando la fe del Pueblo en la integridad del sistema.

La independencia judicial tiene el fin de garantizar a la sociedad que los derechos de cada cual serán evaluados en un foro libre e imparcial, donde la ley y la justicia serán los únicos criterios de decisión. Esa obligación requiere que el(la) juez(a) funcione dentro de un sistema de derecho estructurado por reglas sustantivas, procesales y administrativas que obligan al(la) juez(a) que tiene que decidir.

C. González Seda, Independencia Judicial, Comisión de Derechos Civiles, 2005, págs. 20-21, citando a Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial, La Independencia Judicial en Puerto Rico, Octubre 1988, págs. 10-13.

La Regla 3 de Disciplina Judicial, aprobadas en el 2005, 4 L.P.R.A. Ap. XV-B, dispone que:

**Regla 3. Alcance de estas reglas**

Estas reglas regirán el procedimiento disciplinario contra jueces o juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:

(a) Violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a

las órdenes y normas administrativas aplicables, por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales, o

(b) Condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

En cambio, la derogada Regla 6 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primaria Instancia y del Tribunal de Apelaciones de 1992, 4 L.P.R.A. Ap. XV-A, establecía lo siguiente:

**Regla 6. Alcance**

Sólo será atendida aquella queja o solicitud de separación relacionada con la conducta señalada por ley, reglamentada por los Cánones de Ética Judicial, los Cánones de Ética Profesional y por orden o Reglamento del Tribunal Supremo.

Sin que la siguiente enumeración sea considerada taxativa, no será investigada aquella queja o solicitud de separación que:

(a) Trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez o jueza en una situación de indefensión;
(b) pretenda intervenir impropiamente con determinaciones judiciales;
(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o jueza en un caso en particular o cualquier ventaja en un caso o procedimiento ante su consideración;
(d) sea anónima;
(e) sea frívola de su faz, o
(f) no cumpla con los requisitos de la Regla 9.

Como se aprecia, la Regla 6 derogada contenía una lista de situaciones en las que no procedía la tramitación de una queja o solicitud de separación de algún juez. El comentario que acompañó a la Regla 6 derogada indicaba que el propósito del inciso (b) era dejar claro que "la comisión de un error, de hecho, o de derecho, por un juez en el desempeño de sus funciones judiciales no es causa para disciplinarlo". R. Proc. por Salud Jueces T.P.I. y T.A., 131 D.P.R. 630, 644 (1992), citando a In re Quesada, 82 D.P.R. 65, 74 (1961). Dicho principio de Derecho ha sido reiterado en innumerables ocasiones por este Tribunal. Véanse, In re Pagani Padró, Op. de 5 de abril de 2011, 2011 T.S.P.R. 51, 2011 J.T.S. 56, 181 D.P.R. ___ (2011); In re Vicenty Nazario I, 169 D.P.R. 194, 223 (2006); In re Scherrer Caillet-Bois, 162 D.P.R. 842, 864 (2004); In re

Velázquez Hernández, 162 D.P.R. 316, 332 (2004); In re Hon. Díaz García, T.P.I., 158 D.P.R. 549, 557-558 (2003).

Además, el inciso (c) de la derogada regla 6 pretendía evitar que se utilizara indebidamente el procedimiento disciplinario para lograr cualquier ventaja en un caso o procedimiento ante su consideración.

Adviértase que lo anterior no es óbice para que la Comisión de Evaluación Judicial ejerza su función evaluadora sobre el desempeño de los jueces y rinda su informe con los hallazgos que correspondan.

Es necesario restituir estos principios a las reglas disciplinarias, para proteger la independencia judicial que tienen todos los magistrados de nuestro sistema. Así pues, en virtud de nuestra autoridad para destituir a los jueces de los tribunales de inferior jerarquía que emana del Art. V, Sec. 11, de la Const. de P.R., L.P.R.A., Tomo 1, y de conformidad con el Art. 6.006 de la Ley núm. 201 de 22 de agosto de 2003, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 25n, enmendamos la Regla 3 de Disciplina Judicial para que lea de la siguiente forma:

**Regla 3. Alcance de estas reglas**

**Estas reglas regirán el procedimiento disciplinario contra jueces o juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:**

**(a) Violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables, por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales, o**

**(b) Condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.**

**No obstante, se dispone, sin que la siguiente enumeración sea taxativa, que no será investigada aquella queja o solicitud de separación que:**

**(a) Trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez o jueza en una situación de indefensión;**
**(b) pretenda intervenir impropiamente con determinaciones judiciales;**
**(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o jueza en un**

**caso en particular o cualquier ventaja en un caso**
**o procedimiento ante su consideración;**
**(d)   sea anónima;**
**(e)   sea frívola de su faz, o**
**(f)   no cumpla con los requisitos de la Regla 5.**


Esta enmienda comenzará a regir inmediatamente. Se ordena la publicación de esta Resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.




                              Aida Ileana Oquendo Gralau
                              Secretaria del Tribunal Supremo