*In re* Hon. Borges Vélez Collado, Juez Municipal del Tribunal de Primera Instancia, Sala de San Germán.

*Número:* AD-2001-4          *Resuelto:* 2 de mayo de 2003

*Harry N. Padilla Martínez*, abogado del querellado; *Aida N. Molinary de la Cruz*, presidenta de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones; *Ivonne Díaz Pérez*, directora de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales; *Osvaldo Cartagena Sánchez*, asesor legal de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales.

PER CURIAM: Según fueron estipulados por las partes, los hechos pertinentes del caso de autos se narran a continuación.

Un agente de la Policía de Puerto Rico presentó una denuncia contra Juan Miranda Montalvo (en adelante Miranda) por infracción a la Ley de Bienes Raíces. Luego de llevarse a cabo la correspondiente vista para el arresto de Miranda, se le citó para juicio el 4 de enero de 2000 ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán.

Llegado el día del juicio, éste tuvo que ser suspendido debido a que el imputado compareció sin abogado y alegó que necesitaba contratar una representación legal. El foro de instancia accedió a la suspensión solicitada, y reseñaló el juicio para el 2 de marzo de 2000. El tribunal estuvo presidido por el juez Borges Vélez Collado.

El 2 de marzo de 2000 Miranda compareció ante el foro de instancia acompañado de su abogado, pero el juicio fue suspendido de nuevo a petición esta vez del Ministerio Público, que solicitó más tiempo para reinvestigar el caso. El juez Vélez Collado accedió a la solicitud referida y transfirió el caso para el 16 de marzo de 2000. Los testigos y el imputado quedaron citados en corte abierta.

El 16 de marzo de 2000 el juicio no se pudo celebrar tampoco debido a que el representante legal de Miranda estaba atendiendo otro asunto en otro tribunal. El Juez Vélez Collado volvió a acceder a la suspensión del juicio. Indicó que transfería el caso para el 18 de mayo de 2000. Quedaron los testigos y el imputado citados para esa fecha.

El juicio de Miranda tampoco se pudo celebrar el 18 de mayo de 2000 por la ausencia otra vez de su representante legal, el Lcdo. Edwin H. Sepúlveda Valentín. En vista de esta situación, el juez Vélez Collado nada dispuso con respecto al abogado incompareciente pero sí emitió en contra de Miranda una orden de desacato. Al momento de imponer dicho desacato, el juez Vélez Collado manifestó lo siguiente:

> La vez anterior este caso se suspendió porque también usted compareció sin representación legal. La verdad que la conducta, *yo no sé si es imputable a usted o no, pero yo se la voy a imputar a usted,* después usted se defiende. Este Tribunal le va a imponer una fianza de $20,000 por el delito de desacato y ordena su ingreso en la cárcel hasta tanto preste los $20,000. Cualquier otro asunto, resuélvalo con su abogado y le vamos a conseguir una fecha de señalamiento para esta vista. (Énfasis suplido.) Memorando de Derecho, pág. 3.

El juez Vélez Collado emitió además la siguiente resolución:

> Señalados los casos de referencia contra el acusado, Juan Miranda Montalvo, para juicio en el día de hoy, el Tribunal ordena su ingreso en una institución penal por desacato por no haber comparecido debidamente acompañado por su representación legal, según le fuera ordenado el pasado 16 de marzo de 2000.
>
> Se le impone de fianza la cantidad de $20,000 en efectivo, sin derecho al 10%. Memorando de Derecho, pág. 4.

Miranda fue ingresado de inmediato en la Cárcel Las Cucharas de Ponce. Poco después Miranda presentó ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, una solicitud de rebaja de fianza. La vista correspon-

diente se celebró el 19 de mayo de 2000 ante el juez Torres Ramírez, quien rebajó la fianza a $500 y autorizó a que se prestara el 10% de ésta en efectivo. La fianza se prestó de inmediato.

Por la conducta referida, y previa la determinación de causa probable por razón de una queja, la Oficina de Asuntos Legales de la Administración de los Tribunales (OAT) presentó una querella en contra del Hon. Borges Vélez Collado, Juez Municipal asignado a la Sala Municipal de San Germán del Tribunal de Primera Instancia, y le imputó los siguientes tres cargos:

### PRIMER CARGO

El Honorable Juez Borges Vélez Collado incurrió en conducta impropia al violar el Artículo II Sección VII de la Constitución del Estado Libre Asociado de Puerto Rico que dispone que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley.

### SEGUNDO CARGO

El Juez incurrió en conducta impropia contraria al Canon II de Ética Judicial de Puerto Rico, el cual obliga a todo juez a ser prudente, sereno, imparcial y cuidadoso en la interpretación de la ley.

### TERCER CARGO

El Honorable Juez incurrió en conducta impropia contraria al Canon XI de Ética Judicial de Puerto Rico el cual entre otras cosas obliga a todo juez a tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el derecho aplicable, con absoluta ecuanimidad y sin preocuparle el reconocimiento que pueda darse a su labor, ni la crítica injusta. Informe de la Comisión, págs. 1–2.

En esencia, adujo la OAT que el querellado encontró a Miranda incurso en desacato sin saber si la incomparecencia de su abogado al juicio era imputable a Miranda, lo que dio lugar a que éste fuese privado de su libertad e ingresado a la cárcel durante un día, mientras consiguió una rebaja sustancial de la excesiva fianza que le fue fijada por el querellado.

El querellado, por su parte, contestó la querella y adujo

en esencia que había actuado conforme a derecho y de buena fe, y que no había incurrido en violación alguna de los Cánones de Ética Judicial.

Así las cosas, el caso fue sometido a la consideración de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones (la Comisión), que luego de señalar la vista evidenciaria correspondiente, acogió una solicitud de las partes de que aceptase la estipulación de hechos acordada por éstas y diese el caso por sometido con arreglo al expediente.

Luego de deliberar, la Comisión rindió su informe y determinó, en esencia, lo siguiente: primero, que el juez Vélez Collado había actuado incorrectamente al imponer un desacato a Miranda sin que tuviera fundamento alguno para atribuirle a él la ausencia de su abogado al juicio; segundo, que el juez Vélez Collado sabía o debió saber que la suspensión en cuestión no era imputable a Miranda debido a que, como regla general, el cliente no tiene control para obligar la comparecencia de su abogado a una vista; tercero, que las expresiones del juez Vélez Collado al imponerle el desacato referido a Miranda reflejaban "irritación y una indiferencia y despego a la verdad jurídica"; cuarto, que la imposición de una fianza excesiva de $20,000, sin permitir la prestación del 10%, no fue una medida cautelar sino punitiva, que constituyó una actuación "desenfrenada, desproporcional e inmoderada, que reflejaba una antagónica disposición de ánimo".

Con arreglo a las determinaciones anteriores, la Comisión concluyó que el juez Vélez Collado no había observado la "imparcialidad fundamental" que le debía al imputado, por lo que lo había privado de su libertad erróneamente. Concluyó asimismo que como regla general la comisión de errores de hecho o de derecho por un juez no constituye una violación a los Cánones de Ética Judicial, pero que en

el caso de autos la violación por el juez Vélez Collado del debido proceso de ley había sido *"de tal magnitud y de tal excepción"* que constituía una violación de los referidos cánones de ética. Finalmente, la Comisión concluyó que la conducta del juez Vélez Collado en el caso de autos había sido un *hecho aislado*, de excepción, dentro de la totalidad del desempeño de sus funciones como juez. Evidentemente, la Comisión le dio mucho peso a los hechos estipulados por las partes a los efectos de que Vélez Collado se desempeñaba como juez desde 1994, que nunca antes se había presentado queja alguna en su contra, que había sido recomendado para renominación con una evaluación excelente, y que tenía un historial profesional y personal intachable.

El juez Vélez Collado está próximo a jubilarse, para lo cual le falta menos de un (1) año.

Con arreglo a lo anterior, la Comisión nos recomendó en su informe que procedía la censura del juez Vélez Collado por la conducta narrada antes.

## II

Luego de examinar detenidamente el expediente de este caso y de ponderar asimismo el informe de la Comisión, estimamos correcta la evaluación realizada por ésta. No cabe duda de que la conducta del juez Vélez Collado en el incidente que aquí nos concierne rebasó los límites de un mero error de derecho. No actuó el juez en esa ocasión con la serenidad, la imparcialidad y la ecuanimidad que exigen los Cánones II y XI de Ética Judicial, 4 L.P.R.A. Ap. IV–A. Por estas razones lo censuramos.[1]

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López hace constar que, aun cuando está conforme con la determinación del Tribu-

---

[1] Es evidente que los hechos de este caso son distintos en nuestro criterio a los de *In re Cruz Aponte*, 159 D.P.R. 170 (2003), por lo que limitamos aquí nuestra sanción a una censura.

nal en cuanto a que la actuación del Juez Vélez Collado trascendió los límites de un mero error de derecho, razón por la cual amerita que se le discipline, es del criterio que, para ser consecuentes en sus decisiones, el Tribunal debería suspender de empleo y sueldo al Juez Vélez Collado, al igual que lo hizo en el caso *In re Cruz Aponte*, 159 D.P.R. 170 (2003), caso en que la actuación de la Juez fue producto de una provocación. El Juez Asociado Señor Rivera Pérez disintió por entender que lo aquí resuelto resulta incompatible con lo dispuesto por este Tribunal en el caso *In re Hon. Díaz García, T.P.I.*, 158 D.P.R. 549 (2003). La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton no intervinieron.