EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Hon. Borges Vélez Collado<br>    Juez Municipal<br>    Tribunal de Primera Instancia<br>    Sala de San Germán | 2003 TSPR 71<br><br>159 DPR |

Número del Caso: AD-2001-4

Fecha: 2 de mayo de 2003

Oficina de Administración de los Tribunales:

                    Lcdo. Osvaldo Cartagena Sánchez
                    Lcda. Ivonne Díaz Pérez
                      Oficina de Asuntos Legales

Abogado de la Parte Querellada:

                    Lcdo. Harry N. Padilla Martínez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Borges Vélez Collado
Juez Municipal
Tribunal de Primera Instancia
Sala de San Germán                    AD-2001-4

PER CURIAM

San Juan, Puerto Rico, a 2 de mayo de 2003.

Según fueron estipulados por las partes, los hechos pertinentes del caso de autos se narran a continuación.

Un agente de la Policía de Puerto Rico presentó una denuncia contra Juan Miranda Montalvo (en adelante, Miranda) por infracción a la Ley de Bienes Raíces. Luego de llevarse a cabo la correspondiente vista para el arresto de Miranda, se le citó para juicio, a celebrarse el 4 de enero de 2000, ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán.

Llegado el día del juicio, éste tuvo que ser suspendido debido a que el imputado compareció sin abogado y alegó que necesitaba contratar una representación legal. El foro de instancia accedió

a la suspensión solicitada, y reseñaló el juicio para el 2 de marzo de 2000. El Tribunal estuvo presidido por el Juez Borges Vélez Collado.

El 2 de marzo de 2000, Miranda compareció ante el foro de instancia acompañado de su abogado pero el juicio fue suspendido de nuevo, a petición esta vez del Ministerio Público, que solicitó más tiempo para reinvestigar el caso. El Juez Vélez Collado accedió a la solicitud referida y transfirió el caso para el 16 de marzo de 2000. Los testigos y el imputado quedaron citados en corte abierta.

El 16 de marzo de 2000, el juicio no se pudo celebrar tampoco. Ello se debió a que el representante legal de Miranda estaba atendiendo otro asunto en otro tribunal. El Juez Vélez Collado volvió a acceder a la suspensión del juicio. Indicó que transfería el caso para el 18 de mayo del 2000. Quedaron los testigos y el imputado citados para esa fecha.

El juicio de Miranda tampoco se pudo celebrar el 18 de mayo de 2000, por la ausencia otra vez de su representante legal el Lcdo. Edwin H. Sepúlveda Valentín. En vista de ello, el Juez Vélez Collado nada dispuso con respecto al abogado incompareciente pero sí emitió en contra de Miranda una orden de desacato. Al momento de imponer dicho desacato, el Juez Vélez Collado manifestó lo siguiente:

> **"La vez anterior este caso se suspendió porque también usted compareció sin representación legal. La verdad que la conducta, <u>yo no sé si es imputable a usted o no, pero yo se la voy a imputar a usted</u>, después usted se defiende. Este Tribunal le va a imponer una fianza de $20,000 por el delito de**

**desacato y ordena su ingreso en la cárcel hasta tanto preste los $20,000. Cualquier otro asunto, resuélvalo con su abogado y le vamos a conseguir una fecha de señalamiento para esta vista".** (Énfasis suplido). **El Juez Vélez Collado emitió además la siguiente resolución:**

> **"Señalados los casos de referencia contra el acusado, Juan Miranda Montalvo, para juicio en el día de hoy, el Tribunal ordena su ingreso en una institución penal por desacato por no haber comparecido debidamente acompañado por su representación legal, según le fuera ordenado el pasado 16 de marzo de 2000.**
>
> **Se le impone de fianza la cantidad de $20,000 en efectivo, sin derecho al 10%."**

Miranda fue ingresado de inmediato en la Cárcel Las Cucharas de Ponce. Poco después Miranda presentó ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, una solicitud de rebaja de fianza. La vista correspondiente se celebró el 19 de mayo de 2000 ante el Juez Torres Ramírez, quien rebajó la fianza a $500 y autorizó a que se prestara el 10% de ésta en efectivo. La fianza se prestó de inmediato.

Por la conducta referida, y previa la determinación de causa probable por razón de una queja, la Oficina de Asuntos Legales de la Administración de los Tribunales (OAT) presentó una querella en contra del Hon. Borges Vélez Collado, Juez Municipal asignado a la Sala Municipal de San Germán del Tribunal de Primera Instancia, y le imputó los siguientes tres cargos:

PRIMER CARGO

El Honorable Juez Borges Vélez Collado incurrió en conducta impropia al violar el Artículo II Sección VII de la Constitución del Estado Libre

Asociado de Puerto Rico que dispone que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley.

### SEGUNDO CARGO

El Juez incurrió en conducta impropia contraria al Canon II de Ética Judicial de Puerto Rico, el cual obliga a todo juez a ser prudente, sereno, imparcial y cuidadoso en la interpretación de la ley.

### TERCER CARGO

El Honorable Juez incurrió en conducta impropia contraria al Canon XI de Ética Judicial de Puerto Rico el cual entre otras cosas obliga a todo juez a tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el derecho aplicable, con absoluta ecuanimidad y sin preocuparle el reconocimiento que pueda darse a su labor, ni la crítica injusta.

En esencia, adujo la OAT, que el querellado encontró al imputado Miranda incurso en desacato sin saber si la incomparecencia de su abogado al juicio de Miranda era imputable a Miranda, lo que dio lugar a que éste fuese privado de su libertad e ingresado a la cárcel durante un día, mientras consiguió una rebaja sustancial de la excesiva fianza que le fue fijada por el querellado.

El querellado, por su parte, contestó la querella y adujo en esencia que había actuado conforme a derecho y de buena fe; y que no había incurrido en violación alguna de los Cánones de Ética Judicial.

Así las cosas, el caso fue sometido a la consideración de la Comisión de Disciplina y de Separación del Servicio de Jueces (la Comisión), que luego de señalar la vista evidenciaria correspondiente, acogió una solicitud de las

partes de que aceptase la estipulación de hechos acordada por ellas y diese el caso por sometido con arreglo al expediente.

Luego de deliberar, la Comisión rindió su informe y determinó, en esencia, lo siguiente: primero, que el Juez Vélez Collado había actuado incorrectamente al imponer un desacato a Miranda sin que tuviera fundamento alguno para atribuirle a él la ausencia de su abogado al juicio; segundo, que el Juez Vélez Collado sabía o debió saber que la suspensión en cuestión no era imputable a Miranda debido a que, como regla general, el cliente no tiene control para obligar la comparecencia de su abogado a una vista; tercero, que las expresiones del Juez Vélez Collado al imponerle el desacato referido a Miranda reflejaban **"irritación y una indiferencia y despego a la verdad jurídica"**; cuarto, que la imposición de una fianza excesiva de $20,000, sin permitir la prestación del 10%, no fue una medida cautelar sino punitiva, que constituyó una actuación **"desenfrenada, desproporcional e inmoderada, que reflejaba una antagónica disposición de ánimo"**.

Con arreglo a las determinaciones anteriores, la Comisión concluyó que el Juez Vélez Collado no había observado la **"imparcialidad fundamental"** que le debía al imputado, por lo que lo había privado de su libertad erróneamente. Concluyó así mismo que como regla general la comisión de errores de hecho o de derecho por un juez no constituye una violación a los Cánones de Ética Judicial pero que en el caso de autos la violación por el Juez Vélez

Collado del debido proceso de ley había sido **"de tal magnitud y de tal excepción"** que constituía una violación de los referidos cánones de ética. Finalmente, la Comisión concluyó que la conducta del Juez Vélez Collado en el caso de autos había sido un **hecho aislado**, de excepción, dentro de la totalidad del desempeño de sus funciones como juez. Evidentemente, la Comisión le dio mucho peso a los hechos estipulados por las partes a los efectos de que Vélez Collado se desempeñaba como juez desde 1994; que nunca antes se había presentado queja alguna en su contra; que había sido recomendado para renominación con una evaluación de excelente; y de que tenía un historial profesional y personal intachable.

El Juez Vélez Collado está próximo a jubilarse, faltándole menos de un (1) año para que ello ocurra.

Con arreglo a lo anterior, la Comisión nos recomendó en su informe referido que procedía la censura del Juez Vélez Collado por la conducta narrada antes.

II

Luego de examinar detenidamente el expediente de este caso y de ponderar así mismo el informe de la Comisión, estimamos correcta la evaluación realizada por ésta. No cabe dudas de que la conducta del Juez Vélez Collado en el incidente que aquí nos concierne rebasó los límites de un mero error de derecho. No actuó el Juez en esa ocasión con la

serenidad, la imparcialidad y la ecuanimidad que exigen los Cánones II y XI de Ética Judicial. Por ello, lo censuramos.[1]

Se dictará sentencia de conformidad.

---

[1] Es evidente que los hechos de este caso son distintos en nuestro criterio a los de In re: Nilda Cruz Aponte, Op. de 7 de abril de 2003, por lo que limitamos aquí nuestra sanción a una censura.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Borges Vélez Collado
Juez Municipal
Tribunal de Primera Instancia          AD-2001-4
Sala de San Germán

SENTENCIA

San Juan, Puerto Rico, a 2 de mayo de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se censura al Hon. Borges Vélez Collado ya que su conducta en el incidente que aquí nos concierne rebasó los límites de un mero error de derecho. No actuó el Juez en esa ocasión con la serenidad, la imparcialidad y la ecuanimidad que exigen los Cánones II y XI de Ética Judicial.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

El Juez Asociado señor Rebollo López hace constar que, aun cuando está conforme con la determinación del Tribunal a los efectos de que la actuación del Juez Vélez Collado trascendió los límites de un mero error de derecho, razón por la cual la misma amerita que a éste se le discipline, es del criterio que, a los fines de ser consistentes en sus decisiones, el Tribunal debería suspender de empleo y sueldo al Juez Vélez Collado, al igual que lo hizo en el caso de In re: Cruz Aponte, res. el 7 de abril de 2003; caso en que la actuación de la Juez fue producto de una provocación.

El Juez Asociado señor Rivera Pérez disiente, por entender que lo aquí resuelto resulta inconsistente con lo dispuesto por este Tribunal en

el caso *In re: Hon. Sheila A. Díaz García*, res. el 11 de febrero de 2003, 2003 TSPR 13, 158 D.P.R. ___ (2003), 2003 J.T.S. 15. La Jueza Asociada señora Naveira de Rodón y el Juez Asociado señor Hernández Denton no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo
