*In re* ENMIENDA A LA REGLA 3 DE DISCIPLINA JUDICIAL.

*Número:* ER-2011-02        *Resuelto:* 5 de julio de 2011

## RESOLUCIÓN

Nuestra Constitución está concebida en una forma republicana de gobierno que se sustenta en las doctrinas de "separación de poderes" y "frenos y contrapesos". *Negrón Soto v. Gobernador*, 110 D.P.R. 664, 666 (1981). De esta forma, "[d]istribuye entre sus tres ramas los poderes públicos bajo la premisa que tal equilibrio es saludable y necesario para mantener una verdadera democracia, evitando

---

[56] Exposición de Motivos y Art. 1A de la Ley de Condominios de 2003, Ley Núm. 103-2003 (2003 Leyes de Puerto Rico 355, 359–360).

así una excesiva concentración en una de ellas con los peligros que ello conlleva". Íd.

Así, para lograr el objetivo del Poder Judicial, a saber, la máxima eficiencia en la solución de controversias entre individuos, la Constitución proveyó la mayor independencia judicial en lo concerniente a su jurisdicción, funcionamiento y administración. Íd. Véase, además, 1 Diario de Sesiones de la Convención Constituyente de Puerto Rico 451–456 (1951).

Asimismo, en nuestro sistema republicano de gobierno existe un interés apremiante de proteger la reputación de los jueces y la integridad de los tribunales ante ataques viciosos e infundados. Solo así se puede preservar la independencia de la Rama Judicial y el buen funcionamiento de sus organismos disciplinarios. *Ortiz v. Dir. Adm. de los Tribunales*, 152 D.P.R. 161, 182 (2000).

Resulta preciso puntualizar lo siguiente:

"En el ejercicio de su delicada función, aquéllos llamados a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar po[r q]ue sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura.

La independencia judicial es la independencia del(la) juez(a) para adjudicar. Es inherente a la función judicial. Es la independencia del (la) juez(a) frente a los poderes políticos, a las presiones sociales y frente a las partes. Tiene que proyectarse como que el juez decide fuera y libre de presiones indebidas, conservando la fe del Pueblo en la integridad del sistema.

La independencia judicial tiene el fin de garantizar a la sociedad que los derechos de cada cual serán evaluados en un foro libre e imparcial, donde la ley y la justicia serán los únicos criterios de decisión. Esa obligación requiere que el(la) juez(a) funcione dentro de un sistema de derecho estructurado por reglas sustantivas, procesales y administrativas que obligan al(la) juez(a) que tiene que decidir." C. González Seda, *Independencia Judicial*, [s. l.], Comisión de Derechos Civiles, 2005, págs. 20–21, citando a Tribunal Supremo de Puerto Rico, *La Independencia Judicial en Puerto Rico*, Secretariado de la Conferencia Judicial, octubre 1988.

La Regla 3 de Disciplina Judicial, aprobadas en el 2005, 4 L.P.R.A. Ap. XV-B, dispone:

*Regla 3. Alcance de estas reglas*
Estas reglas regirán el procedimiento disciplinario contra jueces o juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:
(a) Violación a la ley, a los Cánones de [É]tica Judicial, al Código de [É]tica Profesional, a las órdenes y normas administrativas aplicables, por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales, o
(b) condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

En cambio, la derogada Regla 6 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primaria Instancia y del Tribunal de Apelaciones de Puerto Rico, 4 L.P.R.A. Ap. XV-A, establecía lo siguiente:

*Regla 6. Alcance*
Sólo será atendida aquella queja o solicitud de separación relacionada con la conducta señalada por ley, reglamentada por los Cánones de [É]tica Judicial, los Cánones de [É]tica Profesional y por orden o Reglamento del Tribunal Supremo.
Sin que la siguiente enumeración sea considerada taxativa, no será investigada aquella queja o solicitud de separación que:
(a) trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez o jueza en una situación de indefensión;
(b) pretenda intervenir impropiamente con determinaciones judiciales;
(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o jueza en un caso en particular o cualquier ventaja en un caso o procedimiento ante su consideración;
(d) sea anónima;
(e) sea frívola de su faz, o
(f) no cumpla con los requisitos de la Regla 9. *R. Proc. por Salud Jueces T.P.I. y T.A.*, 131 D.P.R. 630, 643–644 (1992).

Como se aprecia, la Regla 6 derogada contenía una lista de situaciones en las que no procedía la tramitación de una

queja o solicitud de separación de algún juez. El comentario que acompañó a esta Regla 6 indicaba que el propósito del inciso (b) era dejar claro que "la comisión de un error, de hecho, o de derecho, por un juez en el desempeño de sus funciones judiciales no es causa para disciplinarlo ...". *R. Proc. por Salud Jueces T.P.I. y T.A.*, supra, pág. 644, citando a *In re Quesada*, 82 D.P.R. 65, 74 (1961). Dicho principio de derecho ha sido reiterado en innumerables ocasiones por este Tribunal. Véanse: *In re Pagani Padró*, 181 D.P.R. 517 (2011); *In re Vicenty Nazario I*, 169 D.P.R. 194, 223 (2006); *In re Scherrer Caillet-Bois*, 162 D.P.R. 842, 864 (2004); *In re Velázquez Hernández*, 162 D.P.R. 316, 332 (2004); *In re Hon. Díaz García, T.P.I.*, 158 D.P.R. 549, 557–558 (2003). Además, el inciso (c) de la derogada Regla 6 pretendía evitar que se utilizara indebidamente el procedimiento disciplinario para lograr cualquier ventaja en un caso o procedimiento ante su consideración. *R. Proc. por Salud Jueces T.P.I. y T.A.*, supra, pág. 644.

Adviértase que lo anterior no impide que la Comisión de Evaluación Judicial ejerza su función evaluadora sobre el desempeño de los jueces y rinda su informe con los hallazgos que correspondan.

Es necesario restituir estos principios a las reglas disciplinarias para proteger la independencia judicial que tienen todos los magistrados de nuestro sistema. Así pues, en virtud de nuestra autoridad para destituir a los jueces de los tribunales de inferior jerarquía que nos confiere el Art. V, Sec. 11, de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, y en conformidad con el Art. 6.006 de la Ley Núm. 201 de 22 de agosto de 2003, conocida como la Ley de la Judicatura de Puerto Rico de 2003 (4 L.P.R.A. sec. 25n), enmendamos la Regla 3 de Disciplina Judicial para que lea de la forma siguiente:

*Regla 3. Alcance de estas reglas*
Estas reglas regirán el procedimiento disciplinario contra

jueces o juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:

(a) violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales, o

(b) condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

No obstante, se dispone, sin que la siguiente enumeración sea taxativa, que no será investigada aquella queja o solicitud de separación que:

(a) trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez o jueza en una situación de indefensión;

(b) pretenda intervenir impropiamente con determinaciones judiciales;

(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o una jueza en un caso en particular o cualquier ventaja en un caso o procedimiento ante su consideración;

(d) sea anónima;

(e) sea frívola de su faz, o

(f) no cumpla con los requisitos de la Regla 5.

*Esta enmienda comenzará a regir inmediatamente. Se ordena la publicación de esta Resolución.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodríguez disintió sin opinión escrita.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*