EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Enmiendas a las Reglas de Disciplina Judicial | 2014 TSPR 105<br><br>191 DPR ____ |

Número del Caso: ER-2014-2

Fecha: 8 de septiembre de 2014

Materia: Resolución del Tribunal con Votos Particulares de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

ENMIENDAS A LAS REGLAS DE
DISCIPLINA JUDICIAL                    ER-2014-2

RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de septiembre de 2014.

Este Tribunal tiene la responsabilidad de revisar periódicamente las herramientas con que cuenta la Rama Judicial para evaluar, investigar y sancionar a jueces y juezas por conducta incompatible con la ética judicial. Nuestra evaluación de esos mecanismos revela la necesidad de modificarlos de manera que permitan a la Rama Judicial asumir una nueva postura, proactiva y flexible que, a la vez que asegure la independencia judicial, sirva como mecanismo profiláctico de cualquier conducta antiética que pueda socavar la integridad del sistema judicial, sin menoscabar el derecho al debido proceso de ley de los jueces y juezas.

Este Tribunal Supremo está comprometido con el objetivo de fortalecer la confianza del Pueblo asegurando la transparencia de los procesos y la información y garantizando la participación ciudadana en esta tarea de fiscalización. Asimismo, queremos garantizar la integridad de la Rama Judicial salvaguardando la reputación de los jueces, juezas y funcionarios que ejercen sus funciones de forma digna, recta y con independencia de criterio.

Debe quedar meridianamente claro que la conducta contraria a la ley y al ordenamiento ético no tiene cabida entre los funcionarios de la Rama Judicial. Hoy, este Tribunal Supremo reafirma la política de cero tolerancia a las acciones que laceran la confianza del Pueblo en los tribunales y en los jueces y juezas del País.

I.

La normativa disciplinaria de la conducta judicial tiene su origen en el Artículo V, Sección 11 de la Constitución de Puerto Rico que dispone que los jueces o juezas "podrán ser destituidos por el Tribunal Supremo por las causas y mediante el procedimiento que se disponga por ley". A su vez, la Ley de la Judicatura, en su Subcapítulo 6, regula las conductas que pueden conllevar medidas disciplinarias; las medidas disciplinarias que pueden imponerse y el procedimiento de separación del servicio por condición de salud mental o física.

En virtud de lo anterior, adoptamos las Reglas de Disciplina Judicial de 1 de abril de 2005, para establecer el proceso para la presentación y tramitación de las quejas contra un juez o una jueza del Tribunal de Primera Instancia o del Tribunal de Apelaciones y, a su vez, salvaguardar los derechos de los jueces y juezas que estuviesen bajo investigación.

En esta ocasión ha surgido la necesidad de enmendar las Reglas de Disciplina Judicial para fortalecer la tarea fiscalizadora de la Rama Judicial proveyéndole herramientas adicionales que promuevan la eficacia de sus investigaciones. El objetivo es garantizar la verticalidad y el desempeño transparente de los jueces, juezas y demás funcionarios del sistema de Justicia que tiene a su cargo mantener el balance justo de los derechos del Pueblo. Recordemos que "la legitimidad de las instituciones de justicia se funda no sólo en la autoridad jurídica que se les ha dado mediante los mecanismos formales del Estado, sino también en la confianza que la ciudadanía tiene en las personas que ejercen cargos públicos".[1]

Por todo lo anterior, se enmienda el segundo párrafo de la Regla 3 de Disciplina Judicial en su inciso (b), a la vez que se eliminan los incisos 3(d) y 3(e) de ese segundo párrafo y se añade un tercer párrafo. También se enmienda la Regla 5 de Disciplina Judicial en sus incisos 5(a) y 5(b) y se añade un párrafo en el inciso 5(b). Se enmienda la Regla 6 de Disciplina Judicial en sus incisos (b) y (c) y la Regla 7 en su inciso (c). Se enmienda el

---

[1] In Re Ramos Mercado, 170 DPR 363, 392 (2007).

título de la Regla 9 de Disciplina Judicial y el inciso (e) de dicha regla y se añade el inciso 9(f). Finalmente, se enmiendan los incisos (c), (e) y (f) de la Regla 10 de Disciplina Judicial.

II.

El texto actual de la Regla 3 prohíbe que se investigue una queja que *"pretenda intervenir impropiamente con determinaciones judiciales"*.[2] Sin embargo, resulta importante proveer una herramienta específica que permita evaluar las quejas que denoten que las actuaciones del juez o jueza están basadas en consideraciones ajenas al ordenamiento jurídico.

Por otro lado, no debe archivarse una confidencia por el mero hecho de haberse recibido de forma anónima. En ocasiones, la información o las alegaciones que se reciben de forma anónima pueden ser corroboradas y pueden justificar el inicio de una investigación. Por la misma razón, no debe ser impedimento para investigar una alegada conducta impropia o antiética el que la queja incumpla con las exigencias formales y de contenido dispuestas en la Regla 5. Considerando todo lo anterior, se enmienda la Regla 3 de Disciplina Judicial para que lea de la siguiente forma:

**Regla 3.  Alcance de estas reglas**

Estas reglas regirán el procedimiento disciplinario contra jueces o juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:

(a)  violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables, por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales o;

(b)  condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

No obstante, se dispone, sin que la siguiente enumeración sea taxativa, que no será investigada aquella queja o solicitud de separación que:

(a)  Trate de hechos tan remotos que impida realizar una investigación efectiva o que coloque al juez o jueza en una situación de indefensión;

---

[2] 4 LPRA Ap. XV-B R. 3.

(b) pretenda intervenir impropiamente con determinaciones judiciales. **Ello no impedirá que proceda una investigación en aquellos casos en los que exista una conducta que denote un posible factor exógeno indebido de conducta antiética en la determinación judicial;**

(c) pretenda utilizar indebidamente el procedimiento disciplinario o de separación para lograr la inhibición de un juez o jueza en un caso en particular o cualquier ventaja en un caso o procedimiento ante su consideración;

(d) sea frívola de su faz.

**La Oficina de Asuntos Legales podrá investigar información confidencial o anónima que pueda dar lugar a la presentación de una queja.**

III.

La enmienda a la Regla 3 antes dispuesta requiere que también se enmiende la Regla 5 actual para que recoja esta nueva visión de flexibilidad con los requisitos de forma.

Por otro lado, la Regla 5 también dispone que las quejas contra jueces y juezas deben presentarse en la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales. Esta limitación geográfica restringe las oportunidades que tiene la ciudadanía de presentar sus quejas. En un esfuerzo por ampliar estas oportunidades la Oficina de Administración de los Tribunales deberá proveer espacio en cada Región Judicial para que los ciudadanos puedan presentar su queja en el centro judicial más cercano a su hogar.

Acorde a lo anterior, enmendamos la Regla 5 para que lea de la siguiente forma:

**Regla 5.     Presentación y contenido de la queja**

(a) Cualquier persona interesada en que se investigue la conducta de un juez o de una jueza podrá presentar una queja personalmente o por correo ante la Oficina de Asuntos Legales. **También la podrá presentar en el lugar dispuesto para ello en cada Región Judicial.**

(b) La queja **deberá contener** los siguientes requisitos:
1. Se formulará por escrito.
2. Se formulará bajo juramento.

3. Indicará el nombre completo, dirección postal y número de teléfono de la persona promovente.

4. Identificará a la jueza o al juez promovido por su nombre y el tribunal en el que se alega que ocurrieron los hechos; y de desconocer éstos, brindará suficientes datos que permitan su identificación.

5. Expondrá brevemente los hechos que motivan la queja e indicar la fecha y lugar donde éstos ocurrieron.

6. Incluirá, además, cualquier otra información e identificará testigos y documentos que sustenten la queja.

**El incumplimiento con alguno de los requisitos antes dispuestos no debe causar necesariamente el archivo de la queja.**

(c) El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada, el Director o la Directora, podrán solicitar a iniciativa propia y por escrito, una investigación sobre la conducta o capacidad de un juez o una jueza. Dicha solicitud se considerará como una queja, sin que sea necesario cumplir con los requisitos formales del inciso (b) de esta regla.

IV.

Del mismo modo, es necesario que la Regla 6 de Disciplina Judicial incorpore también la nueva visión de flexibilidad respecto a los requisitos de presentación y contenido de las quejas. Actualmente esta regla permite conceder tiempo al promovente para subsanar la insuficiencia en el contenido de la queja pero, de este no hacerlo, dispone el archivo de la misma. Así pues, se enmienda la Regla 6 para disponer que aun cuando la parte promovente no subsane las insuficiencias de forma o contenido, se podrá investigar la conducta imputada siempre y cuando el defecto no sea de tal naturaleza que impida el comienzo de la investigación.

Con el propósito de agilizar el trámite de las investigaciones de las quejas disciplinarias contra los jueces y juezas, enmendamos el término que tiene la Oficina de Asuntos Legales para concluir la investigación de ciento viente (120) días a noventa (90) días prorrogables por justa causa. La nueva Regla 6 de Disciplina Judicial leerá como sigue:

**Regla 6.    Evaluación de la queja**

(a)     La Oficina de Asuntos Legales evaluará toda queja dentro de los quince (15) días siguientes a su presentación.

(b)     Si la queja no cumple con los requisitos de forma de la Regla 5 **y ese incumplimiento impide el inicio de la investigación**, se notificará a la parte promovente, por correo certificado con acuse de recibo, la razón que la hace insuficiente, así como la forma y el término para subsanarla. La parte promovente será advertida de que deberá corregir la insuficiencia conforme a los señalamientos, dentro del término de treinta (30) días a partir de la notificación.

(c)     Si la queja cumple con los requisitos de forma de la Regla 5 de este apéndice, **o en su defecto el incumplimiento con alguno de esos requisitos no impidiese el inicio de la investigación**, la Oficina de Asuntos Legales lo informará a la Directora o al Director, quien determinará si procede el inicio de la investigación. De así determinarlo, ordenará el inicio de la investigación a la Oficina de Asuntos Legales o a la persona a quien designe. La Oficina de Asuntos Legales o la persona a quien la Directora o el Director delegó la investigación, notificará del inicio de la investigación a la parte promovente y a la jueza o al juez promovido. La notificación a este último incluirá copia de la queja. **La investigación tendrá que realizarse y concluirse en un término de noventa (90) días, prorrogables por justa causa.**

(d)     Si la Directora o el Director determina que no procede el inicio de la investigación, notificará su determinación del archivo de la queja a la jueza o al juez promovido con copia de la queja. Además, notificará dicha determinación a la parte promovente y su derecho a solicitar reconsideración dentro de los diez (10) días siguientes a la notificación. También, le advertirá que de no solicitar reconsideración dentro del término dispuesto, la determinación advendrá final.

(e)     Si durante una investigación contra una jueza o un juez se descubre información que amerite la investigación de otra jueza u otro juez, la Directora o el Director deberá notificar inmediatamente a éste último, del inicio de la investigación en su contra. Dicha notificación describirá la alegada conducta y los hechos específicos por los que se le investiga.

(f)     En aquellos casos en que se inicie la investigación  a solicitud del Juez Presidente

o de la Jueza Presidenta, de un Juez Asociado o una Jueza Asociada, del Director o de la Directora, de conformidad con la Regla 5(c) de este apéndice, se notificará del inicio de la investigación a la jueza o al juez promovido con copia de la queja presentada.

(g) La Directora o el Director informará sobre el inicio de la investigación al Juez Presidente o a la Jueza Presidenta, con copia de la queja presentada, dentro de un plazo de diez (10) días desde que se ordene el inicio de la investigación.

(h) Toda queja presentada será anotada en el Registro de Quejas de la Oficina de Asuntos Legales.

V.

La Regla 7 de Disciplina Judicial dispone que durante el proceso de investigación de una queja, el juez promovido tiene derecho a representación legal, a inspeccionar y obtener una lista de los documentos, de las declaraciones y la evidencia pertinente al caso y a conocer la identidad de los testigos presentados en su contra.

Este derecho reconocido en la Regla 7 de Disciplina Judicial debe interpretarse a tono con el Canon 7 de Ética Judicial, sobre procesos disciplinarios, que prohíbe que las juezas y los jueces intervengan indebidamente con testigos, prueba documental o cualquier aspecto del procedimiento disciplinario. También es pertinente señalar que el Canon 18 de Ética Judicial requiere que los jueces y juezas mantengan la confidencialidad de aquella información obtenida en el ejercicio de sus funciones que por ley, reglamento, normas u órdenes administrativas les esté prohibido divulgar.

En *In re Claverol Siaca*, 175 D.P.R 177 (2009), este Tribunal reconoció que el Canon 7 de Ética Judicial responde al entendido de que los jueces tienen la obligación, no sólo de conformar su propia conducta a los más altos estándares éticos, sino de velar por el cumplimiento de las normas de ética judicial y profesional por parte de otros jueces, abogados y personal de la Rama Judicial. Así también se reconoció que los jueces deben dar estricto cumplimiento a lo dispuesto por el ordenamiento jurídico en cuanto a la confidencialidad de la información con la cual, por la naturaleza del cargo, entran en contacto.

Visto lo anterior es necesario proteger la integridad de la investigación de la queja y disponer que

la Regla 7 debe interpretarse de forma cónsona con los preceptos de los Cánones de Ética Judicial 7 y 18. A ese fin enmendamos la Regla 7 para que lea de la siguiente forma:

**Regla 7. Investigación; derechos de la jueza o del juez promovido**

(a) La jueza o el juez promovido expondrá por escrito su posición sobre el contenido de la queja, dentro del término de diez (10) días a partir de la notificación del inicio de la investigación. Podrá solicitar prórroga por justa causa. Si la jueza o el juez promovido no expone su posición durante el término dispuesto, el procedimiento continuará sin el beneficio de su comparecencia.

(b) La Oficina de Asuntos Legales o la persona designada por la Directora o el Director realizará la investigación de la queja y rendirá a la Directora o al Director un informe de investigación, dentro de un término de noventa días (90) días, a partir de la notificación de la queja a la jueza o al juez promovido conforme a la Regla 6(c) de esta apéndice. Este término podrá ser ampliado por la Directora o el Director por justa causa.

(c) Durante la etapa de investigación la jueza o el juez promovido tendrá derecho a asistencia legal desde el inicio de la investigación. Además, podrá inspeccionar y obtener copia de todos aquellos documentos, declaraciones u otra evidencia pertinente al caso y conocer la identidad de los testigos presentados en su contra, **excepto en aquellas circunstancias en las que la divulgación pudiera afectar la integridad de la investigación.**

VI.

Como está redactada, la Regla 9 de Disciplina Judicial actualmente permite a la parte promovente solicitar al Director Administrativo o Directora Administrativa de los Tribunales la reconsideración del archivo de una queja. También dispone que si el Director o la Directora sostiene su decisión de archivar la queja, el promovente tiene derecho a solicitar la revisión de esa determinación al Juez Presidente o a la Jueza Presidenta del Tribunal Supremo. Sin embargo, la Regla 9 no provee expresamente que el promovente de la queja puede solicitar al Pleno del Tribunal Supremo la revisión de la decisión del Juez Presidente o Jueza Presidenta confirmando el archivo de la queja. Recientemente

reconocimos ese derecho en *In re Cancio González*, 190 D.P.R. ___ (2014), 2014 TSPR 21, por lo que debe enmendarse la Regla 9 para disponer expresamente que la parte promovente tiene derecho a que el Tribunal Supremo revise la decisión del Juez Presidente o la Jueza Presidenta confirmando el archivo de la queja.

Conforme a los pronunciamientos de *In re Cancio González*, *supra*, enmendamos la Regla 9 de Disciplina Judicial para que lea de la siguiente forma:

**Regla 9. Reconsideración de la determinación de la Directora o del Director de archivar la queja; revisión ante el Juez Presidente o la Jueza Presidenta; revisión ante el Tribunal Supremo**

(a) La Directora o el Director, dentro de los diez (10) días de haberle sido presentada la solicitud de reconsideración dispuesta en la Regla 8(d) de este apéndice, deberá considerarla y notificar su determinación a la parte promovente y a la jueza o al juez.

(b) La parte promovente podrá presentar una solicitud de revisión ante el Juez Presidente o la Jueza Presidenta, dentro de los diez (10) días siguientes a la notificación de la Directora o del Director, sosteniendo su determinación inicial. Deberá fundamentar su solicitud, exponer en detalle los hechos que la justifican y notificarla a la Directora o al Director y a la jueza o al juez.

(c) El Juez Presidente o la Jueza Presidenta requerirá a la Directora o al Director que le remita el expediente que obra en la Oficina de Asuntos Legales, el cual deberá incluir el informe de la investigación realizada.

(d) El Juez Presidente o la Jueza Presidenta podrá confirmar la decisión de la Directora o del Director, revocarla o devolver el expediente con la orden de que amplíe la investigación.

(e) La determinación del Juez Presidente o de la Jueza Presidenta será notificada por la Secretaria o el Secretario a la parte promovente, a la jueza o al juez y a la Directora o al Director. **La notificación advertirá el derecho que tiene la parte promovente de solicitar revisión al Tribunal Supremo de la determinación de archivo de la queja realizada por el Juez Presidente o Jueza Presidenta.**

**(f) La parte promovente podrá presentar una solicitud de revisión ante el Tribunal, dentro de los diez (10) días siguientes a la notificación de la decisión del Juez Presidente**

> o Jueza Presidenta. De sostenerse la determinación de archivo de la queja contra el juez o jueza, la decisión advendrá final y firme.

VII.

Por último, a los fines de fortalecer la transparencia en las investigaciones realizadas en casos disciplinarios entendemos importante incluir expresamente una disposición que reconozca que la determinación final sobre la disposición de una queja estará disponible para escrutinio público, como ya lo están el informe de investigación y sus anejos, una vez se tome la decisión de archivar la queja o referirla a la División de Disciplina Judicial.

A esos efectos, enmendamos la Regla 10 de Disciplina Judicial para que lea de la siguiente forma:

**Regla 10. Confidencialidad del expediente; acceso al informe de investigación**

(a) El expediente de la Oficina de Asuntos Legales sobre la evaluación y la investigación de la queja es de naturaleza confidencial.

(b) La jueza o el juez promovido podrá renunciar por escrito a la confidencialidad en la etapa de investigación de la queja.

(c) La norma de confidencialidad del inciso (a) de esta regla no aplicará a peticiones de información procedentes de la Oficina de Nombramientos Judiciales de la Oficina del Gobernador o de la Gobernadora, la Oficina de la Comisión de Evaluación Judicial adscrita a la Oficina del Juez Presidente o de la Jueza Presidenta **y** la Comisión de Nombramientos del Senado. La Oficina de Asuntos Legales informará del resultado de la investigación y del procedimiento a dichas entidades.

(d) La Oficina de Asuntos Legales enviará a la jueza o al juez promovido, copia de toda comunicación que sea remitida a las entidades correspondientes, de conformidad con el inciso (c) de esta regla.

(e) Tan pronto se le notifique a la jueza o al juez promovido la determinación de la Directora o del Director de archivar la queja o de referirla a la Comisión, tanto el informe de investigación, sus anejos **y la determinación final,** estarán disponibles para escrutinio público.

(f) Aun cuando el informe de investigación, sus anejos **y la determinación final** estén

disponibles para escrutinio público, se deberá proteger la información privilegiada que obre en dichos documentos, mediante orden de protección debidamente fundamentada. También, ésta se deberá proteger cuando se puedan lesionar derechos fundamentales de terceros, o cuando menoscabe el derecho a la intimidad de la jueza o del juez promovido.

Estas enmiendas comenzarán a regir inmediatamente.

**Publíquese.**

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta emitió voto particular de conformidad. La Juez Asociada señora Rodríguez Rodríguez emitió voto particular de conformidad al cual se une la Jueza Asociada Oronoz Rodríguez. La Jueza Asociada señora Pabón Charneco emitió voto particular de conformidad. El Juez Asociado señor Estrella Martínez emitió voto particular de conformidad al cual se une el Juez Asociado señor Martínez Torres y la Jueza Asociada señora Pabón Charneco.

El Juez Asociado señor Kolthoff Caraballo emitió la siguiente expresión a la cual se unen el Juez Asociado señor Martínez Torres y la Jueza Asociada señora Pabón Charneco.

"Hoy emito un voto de conformidad con estas enmiendas a nuestras Reglas de Disciplina Judicial, por esto constituir un paso inicial que es claramente necesario.

Sin embargo, y como señalé recientemente, en este momento "nuestra Rama Judicial se encuentra sufriendo una seria crisis de legitimación". Ante esa realidad se requieren acciones que atajen de inmediato el mal que nos acecha y que –a los ojos del Pueblo al que de ordinario juzgamos, pero que en esta ocasión es nuestro juzgador– provean al menos un hálito de esperanza.

Los vientos que soplan en este momento amenazan las estructuras morales de nuestro sistema judicial y eso, al igual que este Reglamento, siempre es competencia del Pleno de este Tribunal. Por eso, y como parte de esta Curia, responsablemente estaré pendiente de que

los esfuerzos que hoy se implementan comiencen a dar el fruto que todos esperamos".


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

ENMIENDAS A LAS REGLAS DE
DISCIPLINA JUDICIAL

ER-2014-2

Voto particular de conformidad emitido por la Jueza
Presidenta señora Fiol Matta

En San Juan, Puerto Rico, a 8 de septiembre de 2014.

Asumí el cargo de Jueza Presidenta consciente de que una de mis tareas más importantes sería brindar estabilidad institucional al poder judicial para, de esa forma, asegurarle al Pueblo de Puerto Rico que puede confiar en su Poder Judicial. Con ello, fortalecemos nuestra legitimidad como institución llamada a hacer verdadera justicia.

Para lograr este objetivo, una de mis funciones como Jueza Presidenta es propiciar que, en el ejercicio de su poder inherente, este Tribunal revise aquellos cuerpos normativos que regulan la conducta ética y los procedimientos disciplinarios que rigen a la Judicatura. Por eso, estoy conforme con las enmiendas que hoy se aprueban y celebro que

hayan contado con el aval de todos los miembros de este Tribunal.

Como administradora de la Rama Judicial, estoy trabajando para evaluar, revisar y reforzar los procedimientos administrativos para llevar a cabo nuestra tarea fiscalizadora. Me estoy asegurando de que la Rama Judicial cuente con nuevas herramientas para prevenir e investigar situaciones de conducta antiética. Esto incluye: 1) conocer íntimamente las preocupaciones y las necesidades de los componentes de todo el sistema de justicia, 2) propiciar la intervención temprana en la detección de conducta contraria a las normas éticas, 3) ampliar el ámbito de las investigaciones que ya se realizan, 4) proveer los recursos necesarios para agilizar los procedimientos, 5) brindar mayor oportunidad a la ciudadanía de presentar sus quejas, y 6) asegurar la comunicación efectiva entre los organismos y funcionarios encargados de la tarea fiscalizadora, particularmente, la administración de las distintas regiones judiciales, la Comisión de Evaluación Judicial y la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales. Además, he ordenado redirigir los recursos disponibles al fortalecimiento de estas entidades, particularmente la Oficina de Asuntos Legales, a la cual se ha añadido una Unidad Especial de Investigación.[3]

---

[3] Lamento mucho las expresiones de la compañera Jueza Asociada señora Pabón Charneco en torno a la Oficina de Administración de los Tribunales y su Directora. Desde que

Mi meta es garantizarle al Pueblo de Puerto Rico una judicatura que proteja con vehemencia la independencia judicial, principio cardinal de nuestro sistema democrático de gobierno. Hay independencia judicial cuando existen las condiciones que aseguran que los jueces y las juezas resolverán los asuntos ante su consideración sin ningún tipo de presión indebida. Es tan importante este principio que el Canon 2 de Ética Judicial, 4 LPRA Ap. IV-B C. 2, dispone que las juezas y los jueces ejemplificarán la independencia judicial tanto en sus aspectos individuales como institucionales.

Pero la independencia judicial no se limita a lograr tribunales libres de parcialidad y presiones indebidas. Va más allá: requiere que los jueces y las juezas puedan ejercer sus funciones libres de temor. Las especulaciones y los ataques excesivos a la Rama Judicial también son contrarios a la independencia judicial y en nada abonan a la estabilidad y la integridad de la institución. Máxime, cuando no reconocen que las situaciones señaladas no son la regla, sino la excepción, pues nuestra judicatura está compuesta, en su inmensa mayoría, por jueces y juezas íntegros y trabajadores, cuyo único norte es la Justicia.

Por eso, he hecho un llamado público, que reitero en este voto particular, a confiar en las acciones necesarias

---

asumí mis funciones como Jueza Presidenta he contado con el apoyo de esa funcionaria y con su total disposición para evaluar las herramientas con que cuenta la Rama Judicial y para implementar los cambios que sean necesarios para fortalecerlas.

que estamos tomando para resolver la situación que enfrentamos y evitar que se repita.

Exhorto a los funcionarios y funcionarias de la Rama Judicial a ser exigentes con su trabajo y el de sus compañeros, a los abogados y las abogadas a evitar cualquier situación que ponga en juego la legitimidad de los tribunales y a la ciudadanía a utilizar los mecanismos que hemos establecido para denunciar cualquier situación que mine la credibilidad de esta honrosa institución. La legitimidad de la Rama Judicial está en las manos no solo de los integrantes de la Rama Judicial, sino de todos los puertorriqueños.

Liana Fiol Matta
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Enmiendas a las Reglas de<br>Disciplina Judicial | ER-2014-2 | |

Voto particular de conformidad emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une la Jueza Asociada Oronoz Rodríguez

San Juan, Puerto Rico, a 8 de septiembre de 2014

Estoy conforme con las enmiendas a las Reglas de Disciplina Judicial por considerar que éstas aligeran los procesos de investigación y resolución de quejas relacionadas con aquella conducta de jueces que pueda ser incompatible con la ética judicial. De esta manera, corregimos las trabas que en un pasado reciente una mayoría de este Tribunal le impuso a la Oficina de Administración de Tribunales en estos procesos. Véanse *In re Pagani Padró*, 181 D.P.R. 517 (2011); *In re Enmienda a la Regla 3 de Disciplina Judicial*, 182 D.P.R. 533 (2011).

Expreso mi confianza respecto a la inmensa mayoría de los miembros de la Judicatura de nuestro País que día a día laboran para atender con premura, sensibilidad y equidad los reclamos de nuestros ciudadanos. Igualmente, expreso mi anuencia a todas las medidas tomadas por la Jueza Presidenta, Hon. Liana Fiol Matta, a quien nuestra Constitución le confiere la autoridad para "dirigir[] la administración de los tribunales", Const. P.R. Art. V.,

sec. 7, y, dentro de esa autoridad, atender con firmeza y rectitud señalamientos o quejas contra funcionarios de la Judicatura.

Finalmente, exhorto a todas las agencias estatales y federales a que atiendan con premura y celeridad los señalamientos lanzados a la palestra pública contra miembros de la Rama Judicial por alegada conducta antijurídica. La incertidumbre sobre el curso de las investigaciones y los sujetos o acciones investigadas abona a un clima de desasosiego y desconfianza en nuestros tribunales. Por lo tanto, la seriedad de los señalamientos y sus implicaciones sobre la legitimidad de los tribunales requiere que cada actor institucional cumpla con sus deberes responsablemente. Lo que igualmente nos aplica a nosotros los miembros de este Tribunal, quienes tenemos la obligación de actuar acorde con nuestra Constitución y dentro del marco de autoridad que nos confiere, sin rebasarlo, máxime en tiempos de crisis.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Enmiendas a las Reglas de Disciplina Judicial | ER-2014-2 | |

Voto Particular de Conformidad emitido por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, 8 de septiembre de 2014.

El poeta Ralph Waldo Emerson expresó una vez que el liderazgo exige no meramente caminar el sendero ya trazado, sino aventurarse a los lugares en donde no hay camino y comenzar a forjarlo. Ante los retos que tiene ante sí la Rama Judicial de Puerto Rico, ciertamente es necesario que se tomen medidas para atender los serios cuestionamientos que han surgido en contra de algunos miembros de la Judicatura puertorriqueña en los últimos meses. Sin embargo, la cortesía y la deferencia que le debo a la hermana Jueza Presidenta señora Fiol Matta en los asuntos administrativos de la Rama Judicial no impide que exprese mi insatisfacción con la Oficina de Administración de los Tribunales (O.A.T.) y con el desempeño de su Directora en cuanto a la evaluación de quejas referentes a la conducta de jueces de nuestra Rama.

De entrada, reconozco la facultad *exclusiva* que le otorga la Constitución de Puerto Rico a la figura del Juez Presidente para nombrar "un director administrativo, quien

desempeñará su cargo a discreción de dicho magistrado." *Véase*, Art. V, Sec. 7, Const. P.R., L.P.R.A. Tomo 1, ed. 2008, pág. 416. Ahora bien, esa misma disposición constitucional le otorga el poder al Pleno de este Tribunal Supremo para adoptar las reglas de administración de los tribunales en Puerto Rico. *Id.* Por ello, y ante los cuestionamientos de los últimos meses, estoy conforme con la Resolución que antecede en la que se le otorgan nuevas herramientas a la Jueza Presidenta para atender los problemas a los que se enfrenta nuestra Rama.

Lamentablemente, no es la primera vez que me veo obligada a expresar mi descontento y mis dudas en cuanto a la capacidad administrativa de la O.A.T. Véase, *Maranello et al. v. O.A.T.*, 186 D.P.R. 780, 826 (2012)(Op. disidente de Pabón Charneco, J.) En aquella ocasión expresé que el manejo de ciertos asuntos por parte de la O.A.T. había permitido que la ingenuidad encontrara "un hueco por el cual inmiscuirse sigilosamente en el ámbito de la administración de la justicia. Ello a cuentas de la credibilidad de nuestra Rama Judicial." *Id.* Lamento profundamente que esta situación siga lacerando la imagen de la Rama Judicial.

La O.A.T. representa la herramienta cardinal que ostenta la figura del Juez Presidente para velar por el buen desempeño de los funcionarios públicos a quienes se les ha encomendado la delicada labor de administrar la Justicia en Puerto Rico. Ello sin distinción del rango que

estos ocupen dentro de la Rama Judicial. Los señalamientos públicos que durante las últimas semanas han sido reseñados en los medios de comunicación nos obligan a analizarlos con profundidad y particularidad seriedad.

Ante este escenario, el silencio y el inmovilismo no son opción. Es por eso que la Directora de la O.A.T. debe evaluar profundamente su desempeño y decidir si su permanencia como brazo administrativo de la Jueza Presidenta le hace más daño que bien a la imagen de la Rama Judicial en Puerto Rico.

Finalmente, expreso mi conformidad con las enmiendas que hoy se aprueban y con la iniciativa de la Jueza Presidenta de crear una Unidad Especializada para investigar la conducta de los jueces en Puerto Rico. Sin embargo, no puedo ocultar mi total insatisfacción con que esa Unidad Especializada esté adscrita a la O.A.T. cuando, a todas luces, la credibilidad de esa dependencia está seriamente mancillada ante la opinión pública. Por eso, hubiera preferido que se le reconociera independencia a la recién creada entidad y se le permitiera operar fuera de la estructura inherentemente burocrática de la O.A.T. En tiempos como los que vivimos, en los que el funcionamiento y la efectividad de la O.A.T está seriamente cuestionada, me preocupa que se fomente la apariencia de que la Unidad Especializada seguirá las órdenes del ente cuyos actos han levantado gran indignación en la opinión pública. Respetuosamente, me parece desacertado ese proceder.

Aun así, ya que reconozco el Poder que nuestro ordenamiento constitucional le otorga a la compañera Jueza Presidenta señora Fiol Matta, doy deferencia al proceder que esta ha decidido encaminar. Sin embargo, veré con mucha preocupación los resultados de la Unidad Especializada si se permite que esta opere como otra dependencia más de la O.A.T. Todo dependerá de la independencia de criterio y el compromiso de las personas que la Jueza Presidenta decida convocar para pertenecer a esa Unidad Especializada.

Por mi parte, y al igual que el resto de mis compañeros, reitero que no claudicaré el deber que la Constitución de Puerto Rico me impone de ser garante del buen funcionamiento de los tribunales en Puerto Rico. Nos encontramos ante una situación inaudita y los tiempos nos exigen trazar nuevos caminos, no meramente seguir en el sendero ya caminado.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:* | | |
| Enmiendas a las Reglas de Disciplina Judicial | ER-2014-2 | |

Voto particular de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ, al cual se unen el Juez Asociado SEÑOR MARTÍNEZ TORRES y la Jueza Asociada SEÑORA PABÓN CHARNECO.

San Juan, Puerto Rico, a 8 de septiembre de 2014.

Ante las enmiendas adoptadas a las Reglas de Disciplina Judicial, resulta necesario precisar que mi conformidad está acompañada de mi más alto sentido de vigilancia en torno al rol de la Oficina de Administración de los Tribunales en la fase de prevención, identificación y detección temprana de conducta antiética.

Las enmiendas introducidas a las Reglas de Disciplina Judicial dotan a la Oficina de Administración de los Tribunales de herramientas adicionales en esa encomienda y también le brindan a la ciudadanía mayores garantías de que sus reclamos investigativos no caigan en oídos sordos.

Estimo adecuado resaltar las iniciativas adoptadas que motivaron mi conformidad con la Resolución aprobada:

(1) Ampliación del ámbito disciplinario ante la existencia de conducta que denote un posible factor exógeno indebido de actuaciones antiéticas en la determinación judicial.

(2) A través de la Unidad Especializada creada por la Jueza Presidenta, la Oficina de Administración de los Tribunales podrá investigar información confidencial o anónima que aunque no cumpla con las formalidades requeridas para la presentación de una queja, amerite el inicio de una investigación para que los hallazgos sean reportados ante el Tribunal Supremo.

(3) Mayor accesibilidad para presentar quejas al disponerse que cada Región Judicial tendrá la responsabilidad de recibirlas.

(4) Eliminación de la posibilidad de archivar quejas por incumplimiento con requisitos subsanables.

(5) Establecimiento de mayores controles para fiscalizar las tareas de la Oficina de Administración de los Tribunales al establecerse un término para realizar la investigación.

(6) Notificación a la parte promovente en torno a su derecho a solicitar revisión ante el Tribunal Supremo en las quejas que sean archivadas por el Juez Presidente o Jueza Presidenta.

Ante los retos que tiene la Rama Judicial en esta materia, estoy conforme con impulsar reformas dirigidas a reestructurar la operación de la Oficina de Administración

de los Tribunales en la fase investigativa. Esa Oficina tiene que convertirse en una entidad que prevenga, detecte e identifique adecuadamente cualquier conducta antiética, sin necesidad de esperar a que ocurran tales acciones. La Oficina de Administración de los Tribunales tiene que actuar antes, durante y posterior a la presentación de la queja, bajo unos parámetros de objetividad, eficiencia investigativa y búsqueda de la verdad.

Llegó el momento de implantar una verdadera política institucional de cero tolerancia a la corrupción judicial. Para ello, los funcionarios concernidos no pueden actuar a la defensiva, ni escudarse en la integridad de la mayoría de nuestros jueces y juezas. La integridad de esa vasta mayoría no es el *issue*. El verdadero reto es demostrar el compromiso y ser efectivos en la detección, identificación y procesamiento administrativo de las "manzanas podridas" que existan en la judicatura.

Precisamente, las iniciativas adoptadas por la Jueza Presidenta, al igual que las enmiendas aprobadas en el día de hoy, apuntan hacia esa política institucional a la que aspiro.

De mi parte, estaré vigilante, dentro de las facultades que la Constitución de Puerto Rico me confiere, para evaluar si la reforma adoptada en el día de hoy permite alcanzar el nivel de cero tolerancia que el Pueblo reclama. En caso de que la Oficina de Administración de los Tribunales no logre cumplir con ese cometido, aun con las

herramientas brindadas, no cierro las puertas a promover la adopción de mecanismos adicionales que permitan alcanzar esa legítima e indispensable aspiración.


                            Luis F. Estrella Martínez
                                 Juez Asociado